## 8306. HEYMAN *v.* HEYMAN.

1. Under the statute law of Georgia a wife can not recover of a husband, with whom she is living in lawful wedlock, for a tort resulting from his negligent operation of an automobile in which they were riding at the time of the injury.
2. The court erred in overruling the general demurrer to the plaintiff's petition.

DECIDED APRIL 3, 1917.

Action for damages; from Richmond superior court—Judge H. C. Hammond. June 8, 1916.

*William H. Fleming,* for plaintiff in error.

*C. H. & R. S. Cohen,* contra.

LUKE, J. A wife filed suit against her husband, with whom she was living in lawful wedlock, to recover damages alleged to have been sustained by her by reason of the negligence of the husband in driving his automobile while she was an occupant of the car with him. The defendant demurred on the ground that a husband is not liable in law for a negligent tort to his wife. The court overruled the demurrer, and the defendant excepts.

At common law, by marriage the husband and wife are one person in law; the legal existence of the wife is suspended during the marriage and consolidated into that of the husband; upon this principle, of a union of person in husband and wife, depend almost all the legal rights, duties, and disabilities that either of them acquires by the marriage. The husband is bound by law to provide his wife with necessaries, and if she contracts debts for them, he is obliged to pay them. If the wife is indebted before marriage, the husband is bound afterwards to pay the debt, for he has adopted her and her circumstances together. If the wife be injured in her person or property, she can bring no action for redress without her husband's concurrence, and in his name, as well as her own. Neither can she be sued without making her husband a defendant. 1 Bl. Com. 355. Keeping in mind that the common-law rule

is of force in Georgia, except where changed or varied by the statute law, and that statutes in derogation of common law must be construed strictly, what statute of this State can be so construed as to authorize the courts to say it is the letter, spirit, and intention of the lawmaking power to change the common-law rule so that a husband may be liable to the wife for a tort committed by his negligence? The "married woman's act" of 1866, as embodied in the Civil Code (1910), § 2993, provides that "All the property of the wife at the time of her marriage, whether real, personal, or choses in action, shall be and remain the separate property of the wife; and all property given to, inherited, or acquired by the wife during coverture shall vest in and belong to the wife, and shall not be liable for the payment of any debt, default, or contract of the husband." The wife may recover for a tort as provided in the Civil Code, § 2994,—that is: "If a tort be committed upon the person or reputation of the wife, the husband or wife may recover therefor; if the wife is living separate from the husband, she may sue for such torts, and also torts to her children, and recover the same to her use. She may enforce contracts made in reference to her own acquisitions." In construing §§ 2993 and 2994, supra, the courts have held that the wife may recover, while living with the husband, for physical injuries received by her. *City of Atlanta* v. *Dorsey*, 73 *Ga.* 479; *Mayor &c. of Athens* v. *Smith*, 111 *Ga.* 870 (36 S. E. 955). While the wife may recover for physical injuries, she can not ordinarily recover for the loss of earning capacity, the exception being where the husband has expressly or impliedly consented for the wife to have her own earnings, or where the wife is living separate from her husband. *Wrightsville & Tennille R. Co.* v. *Vaughan*, 9 *Ga. App.* 371 (71 S. E. 691); *Georgia R. & B. Co.* v. *Tice*, 124 *Ga.* 459 (52 S. E. 916, 4 Ann. Cas. 200). The Civil Code (1910), § 3652, declares: "For every violation of a contract express or implied, and for every injury done by another to person or property, the law gives the right to recover, and a remedy to enforce it. Such a right is a chose in action, and such a remedy is an action or suit at law." While a married woman living with her husband, since the enactment of the statutes hereinbefore quoted, may in many instances sue and be sued, neither the Supreme Court nor the Court of Appeals of Georgia has held that a wife, while she is living in lawful

wedlock with her husband, may recover from her husband for an injury received by her resulting from his negligence.

The plaintiff contends that a proper construction of §§ 2993, 2994, and 3652, supra, would permit the wife to recover for the husband's negligent tort to her. In some of the States the courts have, upon statutes more or less similar to our statutes, held that the wife can recover against her husband for a negligent tort. The Supreme Court of Connecticut, in Mathewson v. Mathewson, 79 Conn. 23 (63 Atl. 285, 6 Ann. Cas. 1027), said: "By common law the husband might restrain the wife of her liberty and might chastise her. The law which attached such subjection to the legal status of a married woman has been abolished, but not by direct legislation; it has disappeared under the continuous pressure of judicial interpretation or indirect legislation." In Brown v. Brown, 88 Conn. 43 (89 Atl. 889, 52 L. R. A. (N. S.) 185, Ann. Cas. 1915D, 70), Mr. Justice Thayer, for the court, after quoting from Mathewson v. Mathewson, supra, said: "It is now as unlawful for him to beat or falsely imprison his wife as for another to do so, and he is amenable to the criminal law for such an offense. If another, prior to the recent statutes, committed these offenses against her, he was liable in an action for the injuries inflicted upon her by such torts, but the action had to be brought in the name of her husband and herself jointly, the real purpose of the action being to reduce the chose into the possession of the husband. The wife was joined because, if her husband should die pending the suit, the damages would survive to her." The Justice continuing said: "In the Mathewson case we held that a wife's right to contract with her husband, and to sue him for breach of such contract, followed necessarily from the fact, established by the statute, that her legal identity was not lost by her coverture. It is an equally necessary consequence of her retention of her identity after coverture, that she has a right of action against her husband for a tort committed by him against her and resulting in her injury. Such a tort gives rise to a claim for damages. Such claim is property not in her possession but which she may by action reduce into her possession, just as she might before her coverture have had an action against him for such a tort committed before that event. The husband's delict, whether a breach of contract or personal injury, gives her a cause of action." We

do not think that the statutes of this State can possibly be so construed as to give the wife while living with her husband the right of action which the Supreme Court of Connecticut construed to be her right under the statute of that State.

In Missouri a wife contended that under the statutes of that State she could maintain an action against her husband for a personal tort; the court held that she could not. The statutes upon which she relied and upon which the court denied her right to recover were: Revised Stat. 1909: "§ 1735. A married woman may, in her own name, with or without joining her husband as a party, sue and be sued in any of the courts of this State having jurisdiction, with the same force and effect as if she was a feme sole, and any judgment in the cause shall have the same force and effect as if she were unmarried." "§ 8304. A married woman shall be deemed a feme sole so far as to enable her to carry on and transact business on her own account, to contract and be contracted with, to sue and be sued, and to enforce and have enforced against her property such judgments as may be rendered for or against her, and may sue and be sued at law or in equity, with or without her husband being joined as a party; provided, a married woman may invoke all exemption and homestead laws now in force for the protection of personal and real property owned by the head of a family, except in cases where the husband has claimed such exemption and homestead rights for the protection of his own property." In Rogers v. Rogers, 265 Mo. 200 (177 S. W. 382), Mr. Justice Walker said: "These sections do not attempt to confer greater rights of action upon a married woman than are possessed by her husband, and it has been expressly held in another jurisdiction, under a statute similar in its material features to the law here, that a husband can not maintain an action against his wife for injuries inflicted upon him by her deliberately wounding him, under a statute giving her the right to separate property and permitting her to contract with him; that this statute, which authorized her to sue and be sued alone, does not in an action between him and her authorize him to sue her for a personal tort inflicted upon him by her." Recently and in the case of Butterfield v. Butterfield (Mo.), 187 S. W. 295, Presiding Justice Ellison, speaking for the court, having under consideration the same sections referred to in Rogers v. Rogers, supra, said: "The married

woman's act has not changed the common-law rule that neither husband nor wife is liable to the other in a civil action for a personal tort."

A wife instituted an action against her husband in the Supreme Court of the District of Columbia, alleging that he had committed an assault and battery upon her. The statute under which it was contended she had a right to maintain such an action is as follows: "Married women shall have power to engage in any business, and to contract, whether engaged in business or not, and to sue separately upon their contracts, and also to sue separately for the recovery, security, or protection of their property, and for torts committed against them, as fully and freely as if they were unmarried; contracts may also be made with them; and they may also be sued separately upon their contracts, whether made before or during marriage, and for wrongs independent of contracts committed by them before or during their marriage, as fully as if they were unmarried; and upon judgments recovered against them execution may be issued as if they were unmarried; nor shall any husband be liable upon any contract made by his wife in her own name and upon her own responsibility, nor for any tort committed separately by her out of his presence without his participation or sanction: Provided, that no married woman shall have power to make any contract as surety or guarantor, or as accommodation drawer, acceptor, maker or endorser." In determining the question whether under this statute the wife could maintain such action, Mr. Justice Day, delivering the opinion of the court, in Thompson *v.* Thompson, 218 U. S. 611, 616 (31 Sup. Ct. 111, 54 L. ed. 1180, 30 L. R. A. (N. S.) 1153, 21 Ann. Cas. 921), said: "By this District of Columbia statute the common law was changed, and, in view of the additional rights conferred upon married women in § 1155 and other sections of the code, she is given the right to sue separately for redress of wrongs concerning the same. That this was the purpose of the statute, when attention is given to the very question under consideration, is apparent from the consideration of its terms. Married women are authorized to sue separately for the 'recovery, security, or protection of their property, and for torts committed against them, as fully and freely as if they were unmarried.' That is, the limitation upon her right of action imposed in the requirement of the common law that the

husband should join her was removed by the statute, and she was . permitted to recover separately for such torts, as freely as if she were still unmarried. The statute was not intended to give a right of action as against the husband, but to allow the wife, in her own name, to maintain actions of tort which at common law must be brought in the joint names of herself and husband. This construction we think is obvious from a reading of the statute in the light of the purpose sought to be accomplished. It gives a reasonable effect to the terms used, and accomplishes, as we believe, the legislative intent, which is the primary object of all construction of statutes."

The rule stated by Judge Cooley is as follows: "For a personal tort by the husband to her person or reputation the wife can sustain no action. She must rely upon the criminal law for her protection, or seek relief in separation or in proceedings for divorce. When the wife is by statute given full control over property acquired by her, the marital relations will not protect the husband against an action for unlawfully interfering with the property; but under such a statute the wife can not maintain an action against the husband for a personal injury." Cooley on Torts (3 ed.), 474 and note; Peters v. Peters, 42 Iowa, 182; Freethy v. Freethy, 42 N. Y. 613, 641 (1 Am. R. 601). The rights of the wife are purely statutory, and, broad as our laws are, in granting to the wife the right to own property, to contract and sue and be sued, and to sue without joining the husband for torts resulting from the negligence of others, the lawmaking power has given her no right to sue her husband, with whom she is living in lawful wedlock, for a tort committed by him.

The court erred in overruling the general demurrer.

*Judgment reversed. Wade, C. J., and George, J., concur.*