8407. CENTRAL OF GEORGIA RAILWAY COMPANY *v.* CHENEY.

WADE, C. J. 1. At common law husband and wife are one person in law, and the wife's legal existence is suspended during the marriage and consolidated into that of the husband; and the common-law rule as to the rights and liabilities of husband and wife is in force in this State except where changed by the statute law. *Heyman* v. *Heyman*, 19 *Ga. App.* 630 (92 S. E. 25). The Supreme Court in construing the act of 1866 (Civil Code of 1910, § 2993) has held that it is "the settled law of this State, that, even since the act of 1866, where a husband and wife are living together, the husband is entitled to her earnings, unless he consents that she may receive them as her own." *Georgia Railroad Co.* v. *Tice*, 124 *Ga.* 459, 468 (52 S. E. 916, 4 Ann. Cas. 200). See also *Lee* v. *Savannah Guano Co.*, 99 *Ga.* 572 (27 S. E. 159, 59 Am. St. R. 243). The wife, however, is entitled to her earnings when her husband consents that she shall receive them. See *Sams* v. *Thompson Hiles Co.*, 110 *Ga.* 648 (36 S. E. 104); *Roberts* v. *Haines*, 112 *Ga.* 842 (38 S. E. 109). In this case the wife, who brought the suit to recover back money which she alleged to be hers and to have been paid to the defendant by her in satisfaction of a claim held by it against her husband, not only showed by her undisputed testimony that the money was her individual and separate earnings, but she further testified that her husband had consented for her to have and retain whatever she could make by her individual efforts.

2. Though the plaintiff testified that the money paid out by her, which she sought to recover back, was deposited in both her name and the name of her 16-year-old boy, who was her husband's son by her, and that some part thereof, which she did not specify, was earned by her said son by selling papers, she further said that the entire sum (including the amount earned by her son, whatever it may have been) was her property. This evidence was not objected to, nor was the statement contradicted or questioned in any manner; and hence it must be considered as a statement of fact, and not merely as a conclusion of the witness. While earnings of a minor son would belong to the father in the absence of any surrender of his parental rights, we may con-

jecture either that the father had surrendered his claim against these particular earnings of his minor son, or that he had himself received such earnings from his son and made a gift thereof to his wife, when he himself was perfectly solvent and otherwise authorized by law to make such a gift at his option.

3. The judge of the superior court did not err in overruling the motion for a new trial.    *Judgment affirmed.  George and Luke, JJ., concur.*

DECIDED JUNE 27, 1917.

Appeal; from Carroll superior court—Judge R. W. Freeman. December 28, 1916.

*R. D. Jackson,* for plaintiff in error.

*Boykin & Boykin,* contra.