## 24255. CHASTAIN v. CHASTAIN.

GUERRY, J. 1. "A minor child has no civil remedy against its parents, or either of them, or those standing in loco parentis, for cruel and abusive treatment or for injuries resulting from negligence." 2 Cooley on Torts (4th ed.), § 174; Smith v. Smith, 81 Ind. App. 566 (142 N. E. 128); McKelvey v. McKelvey, 111 Tenn. 388 (77 S. W. 664, 64 L. R. A. 991, 102 Am. St. R. 787, 1 Ann. Cas. 130).

2. "The peace of society, and of families composing society, and a sound public policy, designed to subserve the repose of families and the best interests of society, forbid to the minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent." Hewlett v. George, 68 Miss. 703-711 (9 So. 885, 13 L. R. A. 682). And "under the public policy of this State, as expressed in the public laws, an unemancipated minor child can not maintain an action against his or her father to recover damages for pain and suffering resulting from a physical injury due to the father's negligence." Bulloch v. Bulloch, 45 Ga. App. 1 (163 S. E. 708). See also Small v. Morrison, 185 N. C. 577 (118 S. E. 12); 20 R. C. L. 631, § 36.

3. "Under the statute law of Georgia a wife can not recover of a husband, with whom she is living in lawful wedlock, for a tort resulting from his negligent operation of an automobile in which they were riding at the time of the injury." Heyman v. Heyman, 19 Ga. App. 634 (92 S. E. 25). Neither can a mother recover in a civil action, for the negligent death of her five-year-old unemancipated child, against her husband with whom she is living in lawful wedlock and who is the father of such child. Had the child not died, no right of action would have arisen in its favor against its father because of the injury. Its death did not give to either of its parents as against the other, nor to its personal representative, a right of action against either parent for the alleged

242

negligent tort. Damiano v. Damiano, 6 N. J. Mis. R. 849 (143 Atl. 3). See also *Hendricks* v. *Western & Atlantic R. Co.*, 52 *Ga.* 468; *Western & Atlantic R. Co.* v. *Strong*, 52 Ga. 461.

4. Applying the above principles to this suit brought by a wife against her husband for the alleged negligent death of their five-year-old child, it was error for the trial court to overrule the general demurrer.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

Decided December 11, 1934.