25306. EDDLEMAN *v.* EDDLEMAN.

DECIDED MAY 26, 1936.

John F. Echols, Oliver C. Hancock, for plaintiff.

Robert Maginnis, for defendant.

BROYLES, C. J. At common law a husband and wife, in legal fiction, are one person; and the common law is of force in Georgia, except where changed by the statute law of this State; and under the common law neither could maintain against the other a suit based on a tort. *Heyman* v. *Heyman*, 19 *Ga. App.* 634 (92 S. E. 25) ; *Central of Ga. Ry. Co.* v. *Cheney*, 20 *Ga. App.* 393 (93 S. E. 42) ; Code of 1933, § 53-501; 65 C. J. 73, § 119. In the instant case a husband brought an action in trover against his wife, from whom he was living separately, to recover a ring. However, the relation of husband and wife existed between them. Since such a suit is based upon a tort (*Hicks* v. *Moyer*, 10 *Ga. App.* 488, 73 S. E. 754), and there is no statute of this State authorizing such an action, the court did not err in awarding a nonsuit. As said by this court in *Heyman* v. *Heyman*, supra : "The rights of the wife are purely statutory, and, broad as our laws are, in granting to the wife the right to own property, to contract and sue and be sued, and to sue without joining the husband for torts resulting from the negligence of others, the law-making power has given her no right to sue her husband, with whom she is living in lawful wedlock, for a tort committed by him." Neither has the husband been given any right to so sue his wife. See, in this connection, *Chastain* v. *Chastain*, 50 *Ga. App.* 241 (3) (177 S. E. 828). While this court in *Hartz* v. *Hartz*, 13 *Ga. App.* 401 (79 S. E. 230), which was an action in trover brought by a wife against her husband, passed upon the merits of the case, the point that such a suit could not be maintained was not presented to the trial court or to this court. The physical precedent set by that case will not be followed.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*