## EDDLEMAN *v.* EDDLEMAN.

No. 11501. FEBRUARY 10, 1937.

*Oliver C. Hancock* and *C. D. Levy,* for plaintiff.

ATKINSON, Justice. Roy O. Eddleman instituted a bail-trover action against Louise M. Eddleman, for recovery of a diamond ring of the alleged value of one thousand dollars. The defendant by answer set up title to the ring, and denied that the plaintiff had title or other interest. On the trial the plaintiff testified to the value of the ring; that it was his property; that it was delivered to the defendant as a temporary loan; that his demand for its return had been refused; that at the time of the loan plaintiff and defendant were husband and wife; that they are now separated, and suit for divorce is pending; that plaintiff had great sentiment for the ring, because it was his mother's, and was given to him at the time of her death. At the close of the plaintiff's testimony a nonsuit was granted. On writ of error that ruling was affirmed. 53 *Ga. App.* 368. A writ of certiorari was granted to review the judgment of the Court of Appeals. That court ruled thus: "At common law a husband and wife, in legal fiction, are one person; and the common law is of force in Georgia, except where changed by the statute law of this State; and under the common law neither could maintain against the other a suit based on a tort. *Heyman* v. *Heyman,* 19 *Ga. App.* 634 (92 S. E. 25); *Central of Georgia Ry. Co.* v. *Cheney,* 20 *Ga. App.* 393 (93 S. E. 42); Code of 1933, § 53-501; 65 C. J. 73, § 119. . . Since such a suit is based upon a tort (*Hicks* v. *Moyer,* 10 *Ga. App.* 488, 73 S. E. 754), and there is no statute of this State authorizing

such an action, the court did not err in awarding a nonsuit." This is essentially a suit in tort for recovery of the ring in kind, for which the plaintiff testified he held a strong sentiment. The tort is founded on violation' of property right as distinguished from injury to the person of the plaintiff. The question for decision is, may the husband maintain the action against his wife?

In the well-considered opinion in Drake *v.* Drake, 145 Minn. 388 (177 N. W. 624, 9 A. L. R. 1064), it is said: "The allegations of the complaint, somewhat indefinite in several respects, taken as a whole, charge acts of misconduct on the part of defendant, amounting to what is commonly known and understood as nagging, constituting in law nothing more than a series of personal torts, involving neither a breach of contract nor specific property right. The action then sounds in tort, and that it can not be maintained seems settled by the decision in Strom *v.* Strom, 98 Minn. 427, 6 L. R. A. (N. S.) 191, 116 Am. St. R. 387, 107 N. W. 1047. That was a similar action, one for an alleged assault and battery committed by the husband on the wife, and was brought by the wife, and not by the husband, as in the case at bar. The court, in disposing of the case, recognized and referred to the common-law disability of either spouse to maintain such an action against the other, and held that in the enactment of the so-called married woman's act (Gen. Stat. 1913, § 7142), by which many of the common-law disabilities of the wife were removed, and she was placed upon an equality with the husband in respect to the management and control of her separate property, the legislature did not intend to abrogate the rule of the common law on the subject, by extending to the wife a right of action for a tort committed against her by the. husband during coverture. In other words, that the rights' and privileges granted by the statute had reference solely to the management, control, and protection of her property rights. The rule applies equally to the husband; the statute vested in him no other or greater right than that which was thereby conferred upon the wife. No property is involved in this action, and in the Strom case a claim for damages for an assault and battery was held not a property right within the intent and purpose of the statute. The authorities in other jurisdictions are not in harmony, though the statutory provisions upon the subject appear substantially the same in all. A majority in number

of adjudicated cases apply the rule followed in this State. Thompson v. Thompson, 218 U. S. 611, 54 L. ed. 1180, 30 L. R. A. (N. S.) 1153, 31 Sup. Ct. 111, 21 Ann. Cas. 921; there was a dissenting opinion in that case by Mr. Justice Harlan, concurred in by two of his associates; Bandfield v. Bandfield, 117 Mich. 80, 40 L. R. A. 757, 72 Am. St. R. 550, 75 N. W. 287; Schultz v. Christopher, 65 Wash. 496, 38 L. R. A. (N. S.) 780, 118 Pac. 629; 13 R. C. L. 1395. The case of Peters v. Peters, 156 Cal. 32, 23 L. R. A. (N. S.) 699, 103 Pac. 219, was similar to that at bar, being one by the husband against the wife for assault and battery, and the California Supreme Court, construing a statute substantially like that of this State, held that it could not be maintained. The contrary was held in Brown v. Brown, 88 Conn. 42, 52 L. R. A. (N. S.) 185, 89 Atl. 889, Ann. Cas. 1915D, 70, and Fiedler v. Fiedler, 42 Okla. 124, 52 L. R. A. (N. S.) 189, 140 Pac. 1022, though the statutes of those States for all practical purposes are the same as in the States where the right of action is denied. We prefer the rule of the Strom case, and think it should be adhered to until such time as the legislature shall deem it wise and prudent to open up a field for marring or disturbing the tranquillity of family relations, heretofore withheld as to actions of this kind, by dragging into court for judicial investigation at the suit of a peevish, fault-finding husband, or at the suit of the nagging, ill-tempered wife, matters of no serious moment, which, if permitted to slumber in the home closet, would silently be forgiven or forgotten. If that source of litigation is to be opened up at all, it should come about by legislation. Neither husband nor wife is without an appropriate remedy in such matters, where of a character to be redressed by the courts. The divorce courts are open to them when the facts will justify relief of that character; and when the misconduct complained of is of a nature to constitute a crime, the criminal laws will furnish adequate protection. But the welfare of the home, the abiding-place of domestic love and affection, the maintenance of which in all its sacredness, undisturbed by a public exposure of trivial family disagreements, is so essential to society, demands and requires that no new grounds for its disturbance or disruption by judicial proceedings be ingrafted on the law by rule of court, not sanctioned or made necessary by express legislation."

In this State there is no statute purporting so to change the common law as to provide that a husband or wife may sue the other for a personal tort. The following statutory law has been adopted with respect to property rights: "All property of the wife at the time of her marriage, and all property given to, inherited, or acquired by her, shall remain her separate property, and not be liable for the debts of her husband." Code, § 2-2201. "The husband is the head of the family and the wife is subject to him; her legal civil existence is merged in the husband, except so far as the law recognizes her separately, either for her own protection, or for her benefit, or for the preservation of public order. (Acts 1855-6, p. 229.)" § 53-501. "All the property of the wife at the time of her marriage, whether real, personal, or choses in action, shall be and remain the separate property of the wife; and all property given to, inherited, or acquired by the wife during coverture shall vest in and belong to the wife, and shall not be liable for the payment of any debt, default, or contract of the husband." (Acts 1866, pp. 146, 147.) § 53-502. "The wife is a feme sole as to her separate estate, unless controlled by the settlement. Every restriction upon her power in it must be complied with; but while the wife may contract, she may not bind her separate estate by any contract of suretyship nor by any assumption of the debts of her husband, and any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts, shall be absolutely void." § 53-503. In *Francis* v. *Dickel, 68 Ga.* 255, it was held, on the basis of the foregoing statutes: "Since a married woman has become a feme sole as to her separate estate, she may sue or be sued in respect thereto." In the opinion it was said: "By the constitutions of 1868 and 1877, as well as by the statute of 1866, all the property of the wife owned at the date of the marriage, given to, inherited or acquired during the coverture, vests absolutely in her. By section 1783 of the Code, the wife is declared to be a feme sole as to her separate estate. In *Huff* v. *Wright,* 39 *Ga.* 41, 43, it was declared by this court that husband and wife are no longer a unit, one person in law, with all the property vested in the husband as the head of the family, but, so far as property is concerned, two distinct persons, with separate and distinct rights. In a word, the common-law rule upon this subject no longer prevails in this State. Every married woman is,

as to her property, a feme sole, with power to purchase, hold and convey property, contract and be contracted with, sue and be sued as a feme sole. This, under the new order of things, being the status of married women as to their property rights and liabilities, why may not this wife be sued as a man could be sued, and made to respond precisely in the same manner, as to all contracts upon which she could bind her estate? We see no reason."

Dealing with a statute substantially similar to the provisions of the statutes of this State set forth above, it was held in Notes *v.* Snyder (App. D. C.), 4 Fed. 2d, 426: "Under Code D. C. §§ 1151, 1155, either spouse may prosecute action in replevin against the other." In the opinion it was said: "It is contended that the Thompson case [31 App. D. C. 557] impliedly forbids the bringing of actions in replevin between husband and wife, since replevin is an action ex delicto. We can not agree with this view; for such an action is not based upon a personal tort of the character passed upon in that case, nor is it within the reason of the rule laid down in the case. Under section 1151, supra, a married woman may hold and possess her separate chattel property as absolutely as if unmarried. Section 1155 gives her a right to sue separately for the recovery of her property as fully and freely as if unmarried. She may likewise be sued separately upon her contracts, and for wrongs independent of contract committed by her. She may lawfully enter into contracts with her husband. Bronson *v.* Brady, 28 App. D. C. 250; Thompson *v.* Thompson, 31 App. D. C. 557. She may sue her husband at law upon such contracts. Santmyer *v.* Santmyer, 48 App. D. C. 310. The right of either to bring replevin against the other, in order to recover possession of personal property, if wrongfully detained, clearly follows. There is no public policy which would forbid the bringing of such actions; whereas the right to bring them is necessary to carry out the plain intent of the enabling law. This view has been generally adopted under similar legislation in other jurisdictions. 13 R. C. L. 498; 30 Corpus Juris, §§ 674, 675." See also 1 Schouler on Domestic Relations (6th ed.), 674, § 642. In 30 C. J. 954, § 675 d, it is stated: "At common law husband and wife were not liable for torts committed by one against the other, nor could the wife recover damages against one who merely aided and assisted her husband in the infliction of a personal injury upon her. And

under the provisions of the various statutes, it has been held that a wife can not maintain an action against her husband for an injury to her person or character. . . Under the statutes, however, the wife may generally sue the husband for wrongs done to her property. She may bring replevin against her husband, and the husband likewise may bring replevin against his wife. She may sue him for conversion, and he may sue her therefor." The foregoing doctrine is also stated in 13 R. C. L. 1149, § 498, thus: "In those jurisdictions in which it is held that a husband and wife may sue each other at law, it is important to inquire what character of actions may be brought; since, even where the separate individuality of the spouses has been most broadly recognized, the door to suits has not been thrown entirely open, and to a certain extent the union of the marriage relation is still more than a fiction. Thus, as heretofore shown, the statutes have not been, as a general rule, so construed as to authorize actions of tort between the spouses for personal wrongs as distinguished from wrongs to property, such as actions for assault and battery, libel or slander, etc., the inability to maintain such actions being founded on the theory that the wrongful act does not give rise to a cause of action, and that therefore the statutes, which do not attempt to create new causes of action, do not affect the subject. On the other hand, the right of a wife, and a corresponding right on the part of the husband, to maintain the usual common-law actions for the protection of property rights has been upheld; such as an action of trover for the conversion of personal property."

While the statutes of this State, embodied in the Code, §§ 2-2201, 53-501, 53-502, 53-503, do not purport to change the common law in respect to personal torts committed by one spouse against the other, they do change the common law in respect to property rights of the wife. With respect to such rights she is a feme sole, and may be sued by her husband in a bail-trover proceeding for recovery of his personal property converted by her. It follows that the Court of Appeals erred in affirming the judgment granting a nonsuit. The case differs from *Curtis* v. *Ashworth* (by five Justices), 165 Ga. 782 (142 S. E. 111, 54 A. L. R. 1457), where the question was whether, under the express provisions of the Code (1910, § 4413; 1933, § 105-108), the husband was liable to a stranger for a personal tort committed by the wife.

*Judgment reversed. All the Justices concur.*