27939. AMERICAN INSURANCE COMPANY *v.* KEENE.

DECIDED FEBRUARY 24, 1940.

*Hugh M. Dorsey Jr., Jones, Powers & Williams, Pollard Turman,* for plaintiff.

*D. K. Johnston, A. C. Corbett,* for defendant.

FELTON, J. This was an action by an insurance company against W. R. Keene, doing business as Keene's Parking Lot, for damages alleged to have arisen from negligence of the defendant

in failing to prevent a certain automobile from being stolen. The petition alleged that the plaintiff had insured the car against loss or theft and that it had paid the owner, the insured, the value of the car, and that the owner had executed and delivered to the plaintiff an assignment and agreement whereby plaintiff became subrogated to all the rights and claims which the owner had against the defendant. This agreement transferred the ownership of and title to the car and further provided: "I also subrogate to the said company all my claims or rights against any third person or persons to the amount of the loss and expenses paid." The jury found for the plaintiff $100, and the plaintiff made a motion for new trial complaining of error in admission of certain evidence, and of the amount of the verdict, which it claims was not authorized by the evidence. The motion was overruled and the plaintiff excepted.

1. Grounds 1, 2, and 3 of the amended motion complain that the judge, over objection, allowed the defendant to introduce the testimony of three men who operated parking lots. These witnesses testified as to how they ran their lots, and how many men they employed. The court erred in admitting this evidence. It was not sought to be shown that the witnesses were testifying as to a universal custom in Atlanta in the operation of parking lots. There was no evidence that the same conditions existed as to all the lots, or that they were alike in any particular, or that there was any similarity in them. *Keene* v. *Lumbermen's Mutual Ins. Co.*, 60 *Ga. App.* 864 (5 S. E. 2d, 379). Counsel for defendant in error rely on *Arrington Brothers & Co.* v. *Fleming*, 117 *Ga.* 449 (43 S. E. 691, 97 Am. St. R. 169), to support their contention that the testimony was admissible. However, in that case, as was said by the court, there was "evidence to the effect that it was the general custom of those owning pastures along the Savannah River in this locality not to erect fences on the side next to the river." In the case at bar no general custom was sought to be shown, but merely what isolated individuals did in the operation of their lots.

2. The court erred in admitting the evidence offered by the defendant as to the premium paid by the insured to the plaintiff for the insurance policy mentioned in the petition. The cause of action transferred and assigned by the insured to the company involved a property right, and was assignable. Code, § 85-1805. It was immaterial to the issues involved whether there was an insurance premium paid to the plaintiff or not.

3. It was error for the court to admit in evidence another insurance policy which showed on its face that it was in force at the time of the loss, and could illustrate none of the issues involved.

4. Where the only evidence as to the value of the stolen automobile was the opinion evidence of one witness that the value was $500, and there was no other evidence touching the value of the car, a verdict for $100 was without evidence to support it. While we recognize that the jury can disregard the opinion evidence as to the value of the car, we construe the rule to be that they must find the value for themselves from something which legitimately appears in the case. Recognizing that they can find more or less than the value testified to, we think that the value found by them must approximate the value as shown by the evidence. *Hood* v. *Ware,* 34 *Ga.* 329.

5. The court charged the jury: "If the plaintiff is to recover, it *may* recover the value of the car at the time of the theft." The true rule is that if the jury found that the plaintiff was entitled to recover of the defendant it should recover the market value of the car at the time of the theft. It would be better to express the rule so it would be entirely clear to the jury that whether the plaintiff was entitled to recover the value of the car at the time of the theft, if the plaintiff was entitled to recover at all, was not left to their discretion; but that if they found the plaintiff was entitled to recover at all, it was incumbent on them to find a verdict for the value of the car at the time of the theft.

*Judgment reversed. Stephens, P. J., concurs. Sutton, J., concurs in the judgment.*