31084. HOLMAN *v.* HOLMAN.

DECIDED NOVEMBER 21, 1945.

*Nathan Jolles,* for plaintiff.

*Harry A. Woodward, Hammond, Kennedy & Yow,* for defendant.

FELTON, J. The plaintiff filed an action against her husband, from whom she had been living separate and apart for two years before the acts complained of, to recover damages for an alleged malicious prosecution. The general demurrer to the petition was sustained. Plaintiff excepts to that judgment.

1. Under the common law, neither the husband nor the wife could maintain an action against the other for damages for torts, whether living together or not. *Carmichael* v. *Carmichael,* 53 *Ga. App.* 663 (187 S. E. 116); *Eddleman* v. *Eddleman,* 183 *Ga.* 766 (189 S. E. 833, 109 A. L. R. 877); Ralston *v.* Ralston, 2 K. B. 238 (1930); Cooley on Torts (3d ed.) 474; Thompson *v.* Thompson, 218 U. S. 611 (31 Sup. Ct. 111, 54 L. ed. 1180, 30 L. A. (N. S.) 1153, 21 Ann. Cas. 921). Since the right of one spouse to sue the other is purely statutory, the right must be granted either expressly or by necessary implication, neither of which has been done in Georgia except as to rights of property. The policy of the law upon which the rule that husbands and wives living together may not sue each other for damages for such torts applies in situations where they are living apart. Until the relationship is dissolved, the fiction of the law still obtains. In a certain sense they are one. Oftentimes, after a separation, differences are resolved and reunions occur. It is as much in the interest of tranquil domestic relationships and unbroken homes to prevent obstructions to the reunion of separated spouses as it is to guard against separation in the first instance. The denial to the wife of such a right of action is not contrary to the following constitutional provision: "Protection to person and property is the paramount duty of government, and shall be impartial and complete." Code, § 2-102. Our various constitutions are to be construed in the light of the common law existing at the time of their adoption, and the definition or meaning of their terms is to be ascertained by reference to the common-law meaning unless a contrary or different intention appears. 16 C. J. S. p. 77, § 36, 11 Am. Jur. p. 676-8, § 63. Our attention is called to the fol-

lowing Code sections: "For every right there shall be a remedy, and every court having jurisdiction of the one may, if necessary, frame the other." § 3-105. "Among the rights of citizens are the enjoyment of personal security, of personal liberty, private property and the disposition thereof, the elective franchise, the right to hold office unless disqualified by the constitution and laws, to appeal to the courts, to testify as a witness, to perform any civil function, and to keep and bear arms." § 79-205. "All citizens are entitled to exercise all their rights as such, unless specially prohibited by law." § 79-206. These sections have been in each Code of laws of this State. They do not purport to change the common law with respect to the right of one spouse to sue the other.

The court did not err in sustaining the general demurrer.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*