36443.  WALLACH *v.* WALLACH *et al.*

DECIDED NOVEMBER 16, 1956.

*Beverly Langford, Matthews, Maddox, Walton & Smith,* for plaintiff in error.

*Fullbright & Duffey, Henry J. Fullbright, Jr., Scoggin & Martin, Ronald F. Chance, Maddox & Maddox,* contra.

FELTON, C. J.  At common law, a wife could not sue her husband.  Blackstone's Commentaries on the Laws of England, Vol. I, Book I, pp. 355, 359.  "Under the common law, which is of force in this State unless changed by statute, husband and wife became by marriage one person, and the entire legal existence of the woman was completely merged or incorporated in that of the husband."  *Foster* v. *Withrow,* 201 *Ga.* 260 (39 S. E. 2d 466) ; Code § 53-501.  The right of one spouse to sue the other is purely statutory, and in order to maintain an action, the right must be expressly granted or be granted by necessary implication.  *Holman* v. *Holman,* 73 *Ga. App.* 205 (35 S. E. 2d 923).  The married woman's act abrogated the common law as to property rights, but there has been no statute enacted which changed the common

law as to torts committed by one spouse against the other. *Eddleman* v. *Eddleman,* 183 *Ga.* 766 (189 S. E. 833, 109 A. L. R. 877). The plaintiff in error concedes that a wife during coverture can not sue her husband in tort (*Heyman* v. *Heyman,* 19 *Ga. App.* 634, 92 S. E. 25); that a wife cannot bring an action against her husband for antenuptial torts committed by him against her (*Carmichael* v. *Carmichael,* 53 *Ga. App.* 663, 187 S. E. 116); and that a wife can not bring an action against her husband for personal tort though they are living separate and apart. *Holman* v. *Holman,* supra.

The plaintiff in error, however, contends that a wife who is divorced from her husband may maintain an action against her former husband for a tort committed by him during coverture. She contends that a cause of action may arise in favor of one spouse against the other during coverture but that the *right* of action is suspended and that once the parties become divorced the right of action comes into being on the already existing cause of action. This contention is without merit. Since at common law the wife had no legal existence separate from that of her husband and since a person can not commit a tort upon himself, there is during coverture no legal person in the person of the wife upon whom a husband can commit acts which give rise to a cause of action. "Where husband and wife are not liable to each other for torts committed by one against the other during coverture, they do not, upon being divorced, become liable to each other for torts committed prior to the divorce, by one spouse on the person or character of the other during coverture. A like rule applies to a right of action for an antenuptial tort, which is extinguished by marriage. The divorce cannot in itself create a cause of action in favor of the wife upon which she may sue, where it was not a cause of action before the divorce." 27 Am. Jur. 196, § 594. "At common law, a tort committed by one spouse against the person or character of the other does not give rise to a cause of action in favor of the injured spouse. A divorce does not change this rule so as to enable a suit to be maintained after the obtaining of an absolute divorce. Under this rule, no cause of action arises in favor of either husband or wife for an assault and battery committed by one on the other or for any other personal injury inflicted by one on the other during coverture." 27 Am. Jur. 191,

578

§ 589. "At common law and in the absence of constitutional or statutory provision affecting the matter, after divorce one of the former spouses cannot maintain an action against the other for a personal tort committed during coverture, nor can an action be maintained for a personal tort committed before marriage where the right of action therefor was extinguished by the marriage." 41 C. J. S. 886, § 396 (c). "In the case of a spouse's post-divorce suit for personal injuries caused by the other spouse during coverture, the courts are agreed that the spousal disability rule operates to bar the suit." 43 A. L. R. 2d 645, II, § 5 (b).

Whether the petition alleged a cause of action against the husband for gross negligence need not be decided.

Since no cause of action ever arose in favor of the plaintiff against her husband, the court did not err in sustaining the husband's general demurrer to the petition and in dismissing the action as to him.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*