## 37050. HUBBARD *v.* RUFF *et al.*

DECIDED FEBRUARY 12, 1958—
REHEARING DENIED FEBRUARY 28, 1958.

*J. A. Mitchell, P. H. Mitchell, Colley & Orr, Wilbur A. Orr, Jr.,* for plaintiff in error.

*Knox & Neal, Robert E. Knox,* contra.

TOWNSEND, Judge. ■ Since the court has no jurisdiction of the nonresident defendant if the case fails to set forth a cause of action against the resident defendant, the main question presented for consideration is whether a wife may in this State recover damages for injuries to property negligently caused by her husband. Certain principles of law based upon the marital status are well settled but their effect upon rights of action of a spouse for property damages caused by the other has never been directly passed upon in this State. To quote Justice Gilbert, in *Sullivan* v. *Curling,* 149 *Ga.* 96, 97 (99 S. E. 533, 5 A.L.R. 124), "In the course of ages evolution has wrought changes, and the changes have wrought some confusion." The evolution of the

legal status of the married woman, commencing with the common-law concept that her existence was completely merged in that of her husband, and continuing through the passage of the "Married Woman's Act" leaves the common-law concept of force and effect except insofar as changed by statute, and the statutes, being in derogation of common law, should be strictly construed. This, and the conclusion to be drawn therefrom that a married woman in this State has no right of action against her husband for a personal tort, have been held in *Heyman* v. *Heyman*, 19 *Ga. App.* 634 (92 S. E. 25); *Carmichael* v. *Carmichael*, 53 *Ga. App.* 663 (187 S. E. 116); *Wright* v. *Wright*, 85 *Ga. App.* 721 (70 S. E. 2d 152); *Wallach* v. *Wallach*, 94 *Ga. App.* 576 (95 S. E. 2d 750); *Foster* v. *Withrow*, 201 *Ga.* 260, 265 (39 S. E. 2d 466). These cases sometimes make the broad statement that one spouse cannot sue another for tort, but in each case they were dealing with or referring to a personal tort, and are construed to mean "personal tort," as any other meaning given to the word as used in these cases would render the statements obiter and in conflict with other Supreme Court decisions. A personal tort, as defined in Black's Law Dictionary is "one involving or consisting in an injury to the person or to the reputation or feelings, as distinguished from an injury or damage to real or personal property, called a 'property tort.' " None of these cases, accordingly, constitutes an adjudication of the question before us, as to whether a wife may bring suit against her husband for negligently causing damages resulting from the injury or destruction of her property.

Property of the wife belonging to her at the time of her marriage or acquired thereafter is her separate property; she is a feme sole as to her separate estate and has power as such to purchase, hold and convey property, contract and be contracted with, sue and be sued. Code (Ann.) § 2-2801; Code §§ 53-501, 53-502, 53-503; *Huff* v. *Wright*, 39 *Ga.* 41, 43. In *Eddleman* v. *Eddleman*, 183 *Ga.* 766 (189 S. E. 833, 109 A.L.R. 877) the question was first posed in this State as to whether these statutes gave to the wife a status which would permit her to be sued in tort by her husband, and the following was held: "While the statutes of this State . . . do not purport to change the common law in

respect to personal torts committed by one spouse against the other, they do change the common law in respect to property rights of the wife. With respect to such rights, she is a feme sole, and may be sued by her husband in a bail-trover proceeding for recovery of his personal property converted by her." The reason given is that "the tort is founded on violation of property right as distinguished from injury to the person of the plaintiff," (p. 767), and the *Eddleman* case quotes with approval from foreign decisions to the effect that statutes such as those relied on here have reference to the "management, control and protection of her property rights" and she may "generally sue the husband for wrongs done to her property."

While this case was one by the husband against his wife for a property tort committed by her consisting of her conversion of his property, the right of action is recognized in the husband against the wife on the theory that the wife would have this right of action against her husband. The *Eddleman* case, then, settles once and for all the question that one spouse may sue the other in tort in this State, so far as the action of bail-trover is concerned. There is no logical distinction between a trover action where a money verdict is elected and one electing a property verdict; so it must be presumed that one spouse may also sue another in trover and elect (particularly if the property has been destroyed) to take a money verdict, although the *Eddleman* case does not deal with this point. And, if a plaintiff may so elect, then there is no logical difference so far as property rights are concerned, between an action in trover for the recovery of the article or its value and an action for damages resulting from injury to or destruction of the article. A cause of action for damages to property resulting from the negligence of the defendant is an action which involves a property right. *American Ins. Co.* v. *Keene,* 61 *Ga. App.* 754 (2) (7 S. E. 2d 427). It is a right which, more than any other, protects the ownership of property, for without it the tortfeasor would be immune from civil retribution.

Such a cause of action involves a property right and is assignable under Code § 85-1805 as one of those claims which arise "from negligent or intentional injury done to the property or upon real estate." *Sullivan* v. *Curling,* 149 *Ga.* 96, supra. In

*Ernest L. Miller Co.* v. *Gauntt,* 93 *Ga. App.* 178 (1) (91 S. E. 2d 104) it was held that a woman might assign a right of action for damages done her automobile in a collision to her son, the plaintiff in the lawsuit: If the right of action is one which may be the subject of assignment, which it is, it is difficult to see how the validity of the assignment could be affected by the identity of the tortfeasor, or how the assignee could acquire any more right that was vested in the assignor.

In this discussion we have deliberately avoided citing foreign authorities, many of which are as persuasive in their arguments as they are irreconcilable in their conclusions. Reference is made to the annotations in 29 A.L.R. 482; 109 A.L.R. 877; 43 A.L.R. 2d 636.

In *Wright* v. *Wright,* 85 *Ga. App.* 721, supra, a case brought by the wife against the husband alleging a wilful "personal tort" inflicted upon her by him, it was held that no cause of action was set out. However, at page 723 this court said, "Our legislature has never created a right of action in one spouse for personal injury wilfully inflicted by the other, any more than a right of action for personal injury negligently inflicted, and there is no basis in the common law from which such distinction might be drawn." Since it has been established that the husband is liable to suit by the wife for a "property tort" respecting her separate estate for his deliberate act such as conversion of her property, giving rise to the right of action in trover, and since there is no difference in the rule as between torts wilfully inflicted and those negligently inflicted, the wife has a right of action for damages to her separate estate resulting from her husband's negligence. For the reasons hereinbefore set forth, this right is necessary in order that a wife may have equal protection of the law respecting her separate estate. From the Georgia authorities above cited we reach the conclusion that a right of action for damages to property resulting from negligence is a property right as to which a wife in this State suffers from no restrictions arising from coverture, and that she may accordingly maintain an action for damages against her husband thereon.

■ The petition alleges that the petitioner's husband while driving her truck was negligent in coming to a sudden stop behind a school bus and other vehicles without signaling his intention

to do so, in violation of law, and that the defendant Ruff approached behind this vehicle while traveling in excess of the speed limit, failing to have his car under control and with complete indifference to the rights of others, crashed into the plaintiff's vehicle. These allegations set out a cause of action against Ruff, the demurring defendant, and do not affirmatively show that the court had no jurisdiction over him because of its lack of jurisdiction over the codefendant, the plaintiff's husband. Accordingly, the trial court erred in sustaining the general demurrer.

■ The plaintiff seeks punitive damages, to which the defendant Ruff interposed a special demurrer on the ground that no facts are alleged sufficient to warrant such damages.

The defendant husband interposed no demurrer so far as this record shows. However, punitive damages under Code § 105-2002 constitute no part of a property right, since they are awarded either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff. Obviously, a wife has no such cause of action against her husband. As to the defendant Ruff, the petition alleges that the defendant did "wantonly, recklessly, wilfully and negligently" perform the acts complained of. Such pleading is bad, and a demurrer on the ground of duplicity would have been sustained if interposed. See *Flint Explosive Co.* v. *Edwards*, 84 *Ga. App.* 376 (2) (66 S. E. 2d 368). Where no such demurrer is interposed, and the defendant owes only the duty to exercise ordinary care, the plaintiff may recover by showing ordinary negligence although she characterized the acts complained of as wilful, wanton and reckless. *Dowman-Dozier Mfg. Co.* v. *Central of Ga. Ry. Co.*, 29 *Ga. App.* 187 (114 S. E. 815). Accordingly, construing the petition most strongly against the pleader, it must here be construed as setting out a cause of action for simple negligence only. Simple negligence, where there is no wilful misconduct, malice, fraud, wantonness or oppression, will not authorize the award of punitive damages. *Southern Ry. Co.* v. *O'Bryan*, 119 *Ga.* 147 (45 S. E. 1000). The special demurrer relating to punitive damages was properly sustained.

■ Courts do not take notice of the regulations of the Highway Department and other administrative agencies of the State but these must in general be pleaded and proved if they are to

be relied upon. Under Code (Ann.) §§ 68-1607 and 68-9926 it is a violation of State law to ignore speed zones as determined and marked by the State Highway Board and the Director of Public Safety in accordance with the method therein provided for. Whether or not the pleader intended to refer to reduced speed limits as set up by the State Highway Department in conjunction with the other agencies and political subdivisions of the State there mentioned, the mere allegation that the defendant was negligent "in violation of the regulations of the Highway Department of the State of Georgia" is too vague and indefinite, and was properly stricken on demurrer.

The trial court erred in sustaining the general demurrer, but did not err in sustaining the special demurrers to the petition.

*Judgment affirmed in part and reversed in part. Gardner, P. J., and Carlisle, J., concur.*