### 40494. TAYLOR v. VEZZANI.

FRANKUM, Judge. 1. At common law a husband and wife were, in legal fiction, one and the same person, and under that legal fiction the wife had no right of action against the husband for torts committed against her person or property by the husband, whether committed before or during coverture. *Carmichael v. Carmichael*, 53 Ga. App. 663 (187 SE 116); *Wallach v. Wallach*, 94 Ga. App. 576 (95 SE2d 750). The common law rule is still of force and effect in this State, except where it has been changed by express statutory enactment or by necessary implication. *Heyman v. Heyman*, 19 Ga. App. 634 (92 SE 25); *Hubbard v. Ruff*, 97 Ga. App. 251, 253 (103 SE2d 134). While the statutes of this State embodied in *Code Ann.* § 2-2801 and *Code* §§ 53-501, 53-502, and 53-503, have changed this rule with regard to the property rights of married women, they do not purport to change the common law with respect to personal torts committed by one spouse against the other, *Holman v. Holman*, 73 Ga. App. 205, 206 (35 SE2d 923), *Eddleman v. Eddleman*, 183 Ga. 766, 771 (189 SE 833), and the law, with respect to those matters,

is still the same as it was under the common law, that is, that marriage extinguishes antenuptial rights of action between the husband and the wife, and after marriage the wife cannot maintain an action against her husband based on a tortious injury to her person, though committed prior to coverture. *Carmichael v. Carmichael,* 53 Ga. App. 663, supra; Henneger v. Lomas, 145 Ind. 287 (44 NE 462); Orr v. Orr, 36 N.J. 236 (176 A2d 241, 91 ALR2d 906).

2. "To 'maintain', as defined in Webster's International Dictionary 2nd ed., is 'to carry on; to keep possession of; to hold or keep in any particular state or condition; to support, sustain, uphold, keep up; not to suffer to fail; to preserve or continue in' a certain condition." *Stanley v. City of Macon,* 95 Ga. App. 108, 111 (2) (97 SE2d 330). *Hardy v. Prather,* 208 Ga. 764 (2) (69 SE2d 269).

3. Under the foregoing rules of law, where the defendant, in a personal injury action brought against him by an unmarried woman, made a motion for a summary judgment on the ground that subsequent to the commencement of the suit he and the plaintiff had intermarried and were living together as man and wife, which ground was supported by the defendant's sworn affidavit and to which the plaintiff made no counter-showing, the trial court did not err in sustaining such motion and in dismissing the action, since under the undisputed facts, the plaintiff was no longer entitled to maintain the action. See: Anno. 43 ALR2d 632, 642; 1 CJS 134, Abatement and Revival, § 98 n. 17; 41 CJS 880, Husband and Wife, § 396a; 27 Am. Jur. 191, Husband and Wife, § 589, et seq.

4. While we recognize the rule that where the attorney for the plaintiff has been employed on a contingent fee basis, his client cannot, without his consent, settle or dispose of the case after suit has been filed, so as to defeat the attorney's lien for fees which would attach to any recovery by the plaintiff, the cases such as *Coleman & Newsome v. Ryan,* 58 Ga. 132; *Walker v. Equitable Mortgage Co.,* 114 Ga. 862, 866 (1) (40 SE 1010); *Georgia R. &c. Co. v. Crosby,* 12 Ga. App. 750 (78 SE 612), which enunciate this principle, do not deal with a situation where the case has been terminated by proper judgment of the court adverse to the plaintiff such as is here involved, and they do not require a different result from that which we have reached.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*
DECIDED FEBRUARY 19, 1964.

*Phillips, Johnson & Daniel, Hugh A. Wells, Inslee M. Johnson,* for plaintiff in error.

*Nall, Miller, Cadenhead & Dennis, Douglas Dennis, Lynn A. Downey,* contra.