· **Mildred Timmerman LOCKLAIR,**
**Plaintiff,**

**v.**

**J. W. LOCKLAIR, Defendant.**

**Civ. A. No. 66-202.**

United States District Court
D. South Carolina,
Aiken Division.

July 27, 1966.

John H. Williams, Williams & Johnson, Aiken, S. C., for plaintiff.

Henry Summerall, Jr., Henderson, Salley, Cushman & Summerall, Aiken, S. C., for defendant.

## ORDER

SIMONS, District Judge.

This action arises out of an automobile accident which occurred in Murray County, Georgia, in July, 1964, allegedly resulting in serious bodily injury to plaintiff, who was riding as a passenger in her husband's automobile.

Suit was brought in this court upon the theory that the plaintiff had been deprived of her constitutional rights. Suit admittedly would not lie in this court under its diversity jurisdiction, as both plaintiff and defendant are citizens and residents of Edgefield County, South Carolina.

Defendant answered the plaintiff's complaint and also gave notice of motion to dismiss the complaint upon the ground that the complaint does not state a claim upon which relief can be granted under the law of Georgia, the *lex loci delicti*, since plaintiff has no cause of action against defendant, her husband, and that plaintiff has no constitutional right to hold her husband liable for her injuries.

The questions were thoroughly argued before me on Thursday, May 12, 1966, at which time defendant withdrew his motion for change of venue to the Greenwood Division and consented to have the case heard in the Aiken Division, and also withdrew ground No. 5 of his motion to dismiss based upon the same point.

Attorneys for the parties have submitted excellent briefs which have been of considerable assistance to the court. After due and careful consideration of the matter, I am of the opinion that the plaintiff has no cause of action against defendant under the facts alleged in the complaint, that this court lacks jurisdiction, and that defendant's motion to dismiss should be granted.

It is admitted by plaintiff that she and her defendant-husband are residents of Edgefield County, South Carolina; and that they were married and living together as husband and wife in Edgefield County, South Carolina, at the time of the collision in question which occurred in Murray County, Georgia, through which they were traveling on vacation. Defendant was driving the automobile and plaintiff was a guest passenger at the time of the accident.

Plaintiff admits in Paragraph VII of her complaint that she is barred from bringing this action in the state courts of Georgia under Section 53–501 of the Georgia Code of Laws, and other applicable sections thereunder, and the interpretation thereof by the Georgia Courts. Said Section 53–501 provides as follows:

> "Husband as head of family. * *
> The husband is the head of the family and the wife is subject to him; her legal civil existence is merged in the husband, except so far as the law recognizes her separately, either for her own protection, or for her benefit, or for the preservation of public order."

The interpretation of this statute to which plaintiff thus refers is that the Georgia Supreme Court and Appellate Courts have interpreted this statute in numerous decisions to the effect that since the Georgia Legislature has created no right of action in favor of one spouse for personal injuries inflicted by the other, whether wilfully or negligently inflicted, one spouse has no right of action against the other for a personal tort not involving a property right, even though the tort be negligently or even maliciously inflicted. The Georgia authorities are clear that, under the facts alleged in the complaint in the case at bar, plaintiff has no cause of action against her husband, defendant J. W. Locklair. Among the numerous Georgia cases on point are Wright v. Wright, 85 Ga.App. 721, 70 S.E.2d 152 (1952); Taylor v. Vezzani, 109 Ga.App. 167, 135 S.E.2d 522 (1964); Heyman v. Heyman, 19 Ga.App. 634, 92 S.E. 25 (1917); Carmichael v. Carmichael, 53 Ga.App. 663, 187 S.E. 116 (1936); Central of Georgia Ry. Co. v. Cheney, 20 Ga.App. 393, 93 S.E. 42 (1917); Eddleman v. Eddleman, 183 Ga. 766, 189 S.E. 833, 109 A.L.R. 877 (1937).

In fact the Georgia decisions go somewhat further than plaintiff admits and hold that it is not a question of Mrs. Locklair having a cause of action which is suspended or not enforced during coverture due to the public policy of promoting family harmony, but they hold that no cause of action arises in her favor against her husband from the facts alleged in her complaint. Such conclusion is made plain in Wallach v. Wallach, 94 Ga.App. 576, 95 S.E.2d 750 (1956), which states:

"Since under the common law, which is still in effect in Georgia on this subject, no cause of action ever arises in favor of a wife against her husband for torts committed by him during coverture, a divorced wife cannot maintain an action against her former husband for personal injuries negligently inflicted upon her by him during coverture."

Counsel for plaintiff contends that in the *Wallach* case, supra, the Georgia Court invited an attack on the constitutionality of the old Georgia law. However, this court does not so interpret the *Wallach* decision.

Plaintiff further admits in Paragraph VII of her complaint that she is barred from bringing this action in the state courts of South Carolina in view of the fact that the Supreme Court of South Carolina has upheld this Georgia law. Plaintiff refers to the decision in Oshiek v. Oshiek, 244 S.C. 249, 136 S.E.2d 303 (1964) which involved the precise factual situation as is present in the instant case. Many of the same arguments asserted herein on plaintiff's behalf were made in the *Oshiek* case, including the trend of some of the more modern cases away from the strict application of *lex loci delicti*. However, the South Carolina Supreme Court refused "to voyage into such an unchartered sea, leaving behind well established conflicts of law rules" and held as follows:

"We conclude, as did the Circuit Judge, that the situs of the tort is controlling on the issue of the existence of a cause of action for personal injury by one spouse against the other. Since, under the law of the State of Georgia, the wife had no right of action against her husband for a personal tort, she has no right of action which can be enforced here."

Under the landmark case of Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) the conflict of laws rules adopted by the South Carolina Supreme Court as part of the common law of South Carolina are binding upon United States District Courts sitting in South Carolina.

Plaintiff urges the court to avoid the application of the *lex loci delicti* asserting that to apply the Georgia law in her case violates her constitutional rights and her civil rights, particularly due process of law and the equal protection of the laws.

The only authority plaintiff cites in support of her novel contention is the case of Alexander v. Alexander, 140 F. Supp. 925 (S.D.S.C.1956), in which the court indicated that the old Florida common law rule prohibiting tort suits between spouses had been abrogated by the Florida Constitution and by the Fourteenth Amendment to the United States Constitution. It appears that the comments of the court relating to the constitutional issue in the *Alexander* case are *obiter dicta*, inasmuch as a close reading reveals that its decision is not in actuality predicated upon the constitutional issue, but upon the question of whether the defendant after one trial of the case where such defense was not raised can assert such defense upon a retrial of the case on remand by the Fourth Circuit.

The gravamen of the court's ruling is set forth in the last paragraph of its opinion at page 930 where it concludes:

"For the foregoing reasons and under all the facts and circumstances of this case, it is my opinion that defendant has waived the defense now sought to be interposed and that he is estopped from asserting it at this stage of the

case, and that his motion to amend his answer should be denied."

Plaintiff admits in her brief that the constitutionality of the Georgia law of interspousal tort immunity has never been attacked in the Georgia courts. This court is not the proper forum in which to litigate the constitutionality of a Georgia statute or of the Georgia common law.

Moreover, there is no discrimination nor denial of equal protection of the laws insofar as plaintiff is concerned, inasmuch as the Georgia law applies equally to husbands as well as to wives. If a wife negligently or recklessly injures her husband, he likewise has no cause of action against her under the Georgia decisions. Eddleman v. Eddleman, 183 Ga. 766, 189 S.E. 833, 109 A.L.R. 877; Carmichael v. Carmichael, 53 Ga.App. 663, 187 S.E. 116 (1936); Foster v. Withrow, 201 Ga. 260, 39 S.E.2d 466 (1946); Wright v. Wright, 85 Ga.App. 721, 70 S.E.2d 152 (1952). Thus, it is not a matter of denying to a wife some right which the husband enjoys. Neither the husband nor the wife has a right of action against the other for a personal tort occurring in the State of Georgia. Therefore, plaintiff has no constitutional right to sue her husband, neither is she being denied her civil rights, nor the equal protection of the laws.

Moreover, defendant has basic recognized and fundamental constitutional rights which must be protected. The "Full Faith and Credit" Clause, Article IV, Section 1 of the United States Constitution provides: "Full Faith and Credit shall be given in each State to the public Acts, Records and Judicial Proceedings of every other State." The Supreme Court of the United States has held that this clause prohibits one state from refusing to give effect to a substantive defense existing under the applicable statute law of another State. Bradford Electric Light Company, Inc., v. Clapper, 286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026 (1932).

The United States Constitution does not require the various states to adopt any particular view of conflict of law rules and principles. A recent decision of the United States Supreme Court holds that the United States Constitution does not prohibit a state from denying recovery by applying a defense which amounts to a complete defense existing under the law of the state where the wrongful act or injury occurred. In Richards v. United States of America, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962) the Court stated, *inter alia:*

> " * * * Where more than one State has sufficiently substantial contact with the activity in question, the forum State, by analysis of the interests possessed by the States involved, could constitutionally apply to the decision of the case the law of one or another state having such an interest in the multistate activity. * * * "

See also Wells v. Simonds Abrasive Co., 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211 (1953); Kryger v. Wilson, 242 U.S. 171, 37 S.Ct. 34, 61 L.Ed. 229 (1916).

Accordingly, it is the court's considered opinion that none of plaintiff's constitutional nor civil rights are violated by this court's action in its applying the well established substantive law of the state of Georgia, the *lex loci delicti*, which clearly provides that she has no cause of action against her husband under the circumstances of this case.

In view of the foregoing, it is hereby

ORDERED that plaintiff's complaint be, and the same hereby is, dismissed with prejudice as it does not state a claim upon which relief can be granted.

And it is so ordered.