## 57645. BYINGTON et al. v. LEE et al.

BANKE, Acting Presiding Judge.

This case arose out of a collision between a train operated by appellant Georgia Southern & Florida Railway Company, on tracks owned by appellant Georgia Northern Railway Company, and an automobile driven by appellee Raymond Lee and owned and occupied by appellee Wanda Smith Lee. The Lees filed suit to recover damages for their injuries resulting from the collision; and the appellants each counterclaimed against Raymond Lee, accusing him of negligence in the operation of the automobile and seeking contribution for one-half of any judgment that might be entered against them in favor of Wanda Lee. Mr. Lee moved for summary judgment on these counterclaims, arguing that they were barred by the interspousal immunity doctrine. The Lees were not married to each other at the time the accident occurred but became husband and wife prior to filing suit. The trial court granted Mr. Lee's motion, giving rise to this appeal. *Held:*

1. It is clear that, if the Lees had been married at the time of the accident, the doctrine of interspousal immunity would operate to prevent the appellants from asserting their counterclaims for contribution against Mr. Lee. See *Southern R. Co. v. Brewer,* 122 Ga. App. 292 (176 SE2d 665) (1970). It is also clear that the marriage extinguished whatever right of action Mrs. Lee may have had against Mr. Lee as a result of his negligence in causing the collision. See *Carmichael v. Carmichael,* 53 Ga. App. 663 (187 SE 116) (1936); *Wallach v. Wallach,* 94 Ga. App. 576 (95 SE2d 750) (1956); *Taylor v. Vezzani,* 109 Ga. App. 167 (135 SE2d 522) (1964). However, the issue of whether the marriage also extinguished the right of third persons to seek contribution against Mr. Lee for his alleged negligence in injuring his wife prior to the marriage presents an issue of first impression in this state.

As a general rule, the substantial rights of the parties in a negligence case, including the right to contribution between joint tortfeasors, become fixed at the time of injury or the event upon which liability depends. *F. H. Ross & Co. v. White,* 224 Ga. 324 (161 SE2d 857) (1968); *Southern R. Co. v. A. O. Smith Corp.,* 134 Ga. App. 219 (213 SE2d 903) (1975). While by choosing to become man and wife each spouse gives up any tort claims he or she may have against the other, it does not follow that the marriage also extinguishes the pre-existing rights of third persons. To impose such a rule would operate as a manifest injustice against such third persons and would not serve any conceivable consideration of public policy which might support the doctrine of interspousal immunity, such as the protection of familial harmony and the avoidance of collusive suits. Accordingly, we hold that the appellants' right to seek contribution against Mr. Lee vested when the collision occurred and was not extinguished by his subsequent marriage to Mrs. Lee.

2. In view of the above holding, it is not necessary to answer the appellants' argument that the interspousal immunity rule should be done away with altogether as a bar· to claims of third persons for contribution. See generally *Bradley v. Tenneco Oil Co.,* 146 Ga. App. 161 (245 SE2d 862) (1978).

*Judgment reversed. Underwood and Carley, JJ., concur.*

ARGUED APRIL 10, 1979 — DECIDED MAY 29, 1979 — REHEARING DENIED JUNE 22, 1979 —

*Landau & Davis, Edmund A. Landau, Jr., Hall, Bloch, Garland & Meyer, F. Kennedy Hall, J. Steven Stewart,* for appellants.

*Ralph F. Simpson, Edgar B. Wilkin,* for appellees.