### FREDERICK W. HUBER, Inc., v. PILLSBURY FLOUR MILLS CO.

District Court, S. D. New York.
Oct. 5, 1939.

Cook, Nathan, Lehman & Greenman, of New York City (Chester Rohrlich and Morris L. Levinson, both of New York City, of counsel), for plaintiff.

Holmes & Healy, of New York City (Frederick J. Moses and Thomas M. Healy, both of New York City, of counsel), for defendant.

**GODDARD, District Judge.**

This is a motion to strike out paragraphs II and III of the answer on the ground that they fail to state a legal defense or, in the alternative to striking out paragraph III, that the defendant furnish a bill of particulars with respect to it.

█ The reason asserted for striking out paragraph II is that it is redundant. Defendant has made a general denial of the allegation that it sold flour at lower prices than that at which it sold to the plaintiff, and paragraph II seems to add little, if anything, to the general denial. Defend-ant urges that this paragraph adds the fact that it did not so sell "at the times" when it sold such goods to the plaintiff, and that this additional fact should be pleaded. If redundant, it is not seriously prejudicial and therefore will be allowed to remain.

Paragraph III does state a legal defense. The Robinson-Patman Act, under which this suit is brought, allows price discrimination "in response to changing conditions affecting the market for or the marketability of the goods concerned." 15 U.S.C.A. § 13(a). Section 13(b) further provides that upon proof being made that there has been, price discrimination "the burden of rebutting the prima-facie case thus made by showing justification shall be upon the person charged with a violation of this section".

█ The defense pleaded in paragraph III is justification pursuant to section 13(a), and under Rule 8(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, this is in the nature of a plea in avoidance which must be pleaded affirmatively. This paragraph should be allowed to stand.

█ The particulars demanded with respect to this last defense substantially require defendant to produce the facts which plaintiff must show to make its prima facie case. Demand No. 1 is denied insofar as it requires a statement of the sales made by defendant at prices lower than those paid by plaintiff. However, defendant should be required to state in general the market conditions prevailing at the time or times of the sales made to plaintiff, and the changing conditions which affected the marketability of the flour sold to the plaintiff and to the defendant's other customers at or between the times of such sales. If the defense is supplemented in this manner it will not be open to charge that it contains merely conclusions of law. But to require a statement of the actual sales made at lower prices than those paid by plaintiff would be to require the defendant to furnish plaintiff with a prima facie case which otherwise defendant might never have to rebut.

Accordingly, the motions to strike out paragraphs II and III of the answer are denied. Demand No. 1 is denied except as indicated above; Demand No. 2 is granted; Demand No. 3 is granted to the extent that the defendant shall state the market prices of wheat at the time of sales

by defendant to plaintiff; Demand No. 4 is granted but defendant need not include the names of defendant's other customers.

Settle order on notice.