**MICKEY et al. v. KANSAS CITY, MO., et al.**

No. 913.

District Court, W. D. Missouri, W. D.

March 4, 1942.

The plaintiffs aver that in the exercise of their religion they belong to and are affiliated with a group named Jehovah's Witnesses and that, moreover, they are duly authorized representatives and members of the "Watchtower Bible & Tract Society, Incorporated, duly organized and existing under and by virtue of the laws of the State of New York, with its main offices at Brooklyn, New York, under whose direction each plaintiff performs the work of preaching the gospel of the Kingdom of Almighty God, and Christ Jesus, in Kansas City, Missouri, and other localities in the State of Missouri, and in the entire United States as more particularly described and set forth herein."

There are further averments that each of the individual plaintiffs acts in company with others of Jehovah's Witnesses as authorized representatives of and under the direction of the Watchtower Bible & Tract Society, Inc., by going forth in various cities, towns and villages in the State of Missouri to carry and disseminate the message of the Kingdom of Almighty God as contained in the Bible.

There are averments in the complaint that, in addition to acting in a representative and agency capacity, each of the individual plaintiffs acts in his own behalf in the exercise of his religion.

Several ordinances of Kansas City, Missouri, are designated as constituting a discrimination against them and an interference with their religious freedom. Under each ordinance named it is asserted that the proper officials of Kansas City charged with enforcement of the law have caused criminal proceedings to be instituted against them, or some of them.

It becomes necessary in the course of this memorandum opinion to mention the individual ordinances against which complaint is made. Other facts will be stated as they appear to be pertinent.

1. At the outset it should be noted that Watchtower Bible & Tract Society, a corporation, is made a plaintiff. It has been repeatedly held that the remedy provided under that portion of Paragraph 14 of Section 41, Title 28 U.S.C.A., pertains exclusively to natural persons, and not to corporations.

The identical question was considered in Hague v. Committee for Industrial Organization, 307 U.S. 496, loc.cit. 514, 59 S.Ct. 954, loc.cit. 963, 83 L.Ed. 1423, where

Luther W. Adamson, of Kansas City, Mo., for plaintiffs.

John D. Chappelle, John M. Cleary, Jr., and John J. Ruddy, Jr., all of Kansas City, Mo., for defendants.

REEVES, District Judge.

This is a suit to redress the alleged deprivation of rights guaranteed by Section 1 of the Fourteenth Amendment to the Constitution of the United States. The pertinent provision of said section is: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; * * *".

The plaintiffs, alleging that they are citizens of the United States, claim that, by reason of certain ordinances of Kansas City, Missouri, and the enforcement thereof, their privileges and immunities have been and are being seriously transgressed and they seek an injunction to restrain the enforcement of such ordinances as against them.

The privileges and immunities claimed by them appertain to the exercising of religious freedom vouchsafed to them by the Constitution and laws of the United States and particularly by the first amendment to the Constitution. This section forbids the enactment of any law by the Congress "respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; * * *."

the court said: "Natural persons, and they alone, are entitled to the privileges and immunities which Section 1 of the Fourteenth Amendment secures for 'citizens of the United States.' Only the individual respondents may, therefore, maintain this suit."

Since the corporate plaintiff cannot maintain the action, neither can the agents acting for and on its behalf maintain said action as agents. This does not debar them the right to maintain the action in so far as their individual rights have been impinged upon. In this connection, while the prayer of the complaint does not particularly ask that the proceedings now pending in sundry courts be enjoined, yet the fact of the pendency of such suits or prosecutions is discussed in the complaint.

Section 379, Title 28 U.S.C.A., provides that: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in" bankruptcy proceedings. The plaintiffs, therefore, would not have the right to ask for an injunction interfering with the pending cases. Under another statute an injunction against judges is forbidden. However, this matter is not important now for the reason that the municipal judges of Kansas City have been dismissed from the proceedings as defendants.

2. As a postulate to a discussion of the facts in the case and the contention of the parties, it should be noted that proceedings of this kind are not encouraged by the courts but, on the contrary, they are discouraged. It cannot be presumed that the State and its various agencies will not be alert to do justice to its citizens and to protect them in the exercise of their lawful rights.

In the case of Fenner v. Boykin, 271 U.S. 240, loc.cit. 243, 46 S.Ct. 492, loc. cit. 493, 70 L.Ed. 927, the Supreme Court, while upholding the right to maintain proceedings of this character, yet, said the court, it should be done only "when absolutely necessary for protection of constitutional rights * * *. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." And, the court continued: "Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection. The Judicial Code provides ample opportunity for ultimate review here in respect of federal questions. An intolerable condition would arise, if, whenever about to be charged with violating a state law, one were permitted freely to contest its validity by an original proceeding in some federal court."

Another proposition to be kept constantly in mind is that: "Civil liberties, as guaranteed by the Constitution, imply the existence of an organized society maintaining public order without which liberty itself would be lost in the excesses of unrestrained abuses. The authority of a municipality to impose regulations in order to assure the safety and convenience of the people in the use of public highways has never been regarded as inconsistent with civil liberties but rather as one of the means of safeguarding the good order upon which they ultimately depend." Cox et al. v. New Hampshire, 312 U.S. 569, loc.cit. 574, 61 S.Ct. 762, loc.cit. 765, 85 L.Ed. 1049, 133 A.L.R. 1396.

3. The particular ordinance of Kansas City, the substance of which was constantly mentioned in the complaint, and concerning which elaborate briefs have been filed, is known as Section 409 of Chapter 7, Article 6, of the Revised Ordinances of Kansas City, Missouri.

This ordinance relates to the subject of distributing and scattering handbills. This ordinance was in full force and effect at the time the plaintiffs filed their complaint, on June 21, 1941, but it was repealed by the Council of Kansas City on September 8, 1941. Upon the authorities, and particularly Hague v. Committee for Industrial Organization, supra, the ordinance was invalid. It is unnecessary, therefore, to give further consideration to questions arising on that ordinance for the reason that it is no longer the law. A discussion thereof would be purely moot and academic.

Other ordinances about which plaintiffs complain are Sections 406 and 416 of said Article 6, Chapter 7, of the Revised Or-

dinances of Kansas City, Missouri, and Section 202, Chapter 6, Article 1, of the said Revised Ordinances, and Ordinances 6406, 6558 and 6567. These ordinances are copied in the complaint. Each has been examined and compared with like ordinances considered by the courts.

Section 406 pertains to the subject of Advertisements and forbids that advertisements shall be carried on in a specified manner. Such ordinance is general and comprehensive and appears to be salutary in the regulation of the streets and sidewalks of the city. The underlying principles of the ordinance were fully sustained in Cox v. New Hampshire, supra.

Section 416 appertains to the subject of "Crowds on Sidewalks and Streets." It is also general and comprehensive and is designed to give free and unobstructed passage upon the sidewalks and streets. In Schneider v. State of New Jersey, 308 U.S. 147, 60 S.Ct. 146, 150, 84 L.Ed. 155, the court said: "Municipal authorities, as trustees for the public, have the duty to keep their communities' streets open and available for movement of people and property, the primary purpose to which the streets are·dedicated. So long as legislation to this end does not abridge the constitutional liberty of one rightfully upon the street to impart information through speech or the distribution of literature, it may lawfully regulate the conduct of those using the streets. For example, a person could not exercise this liberty by taking his stand in the middle of a crowded street, contrary to traffic regulations, and maintain his position to the stoppage of all traffic; a group of distributors could not insist upon a constitutional right to form a cordon across the street and to allow no pedestrian to pass who did not accept a tendered leaflet; nor does the guarantee of freedom of speech or of the press deprive a municipality of power to enact regulations against throwing literature broadcast in the streets. Prohibition of such conduct would not abridge the constitutional liberty since such activity bears no necessary relationship to the freedom to speak, write, print or distribute information or opinion."

Section 202 is directed against "Nuisances." It is a very comprehensive ordinance and pertains to all kinds of substances and noxious odors that might affect the well-being of the people. It need not necessarily be upon the public streets, but, if so, then it extends to everything that may be "thrown, left, deposited or caused to be left, thrown or deposited by any one in or upon any street, avenue, alley, sidewalk, park, public square, public enclosure, lot, vacant or occupied, or pond or pool of water."

Clearly it would not be the violation of any one's right to insist upon keeping the streets clean. All of the opinions are in accord on this proposition.

Ordinance 6406 undertakes to prohibit the "hawking or peddling of any article or thing, except newspapers, in or upon any street, avenue, alley, sidewalk, * * * or other public place, within one block of any theatre, church, school or public building."

This ordinance appears to be reasonable. It is difficult to see that it would have any application to plaintiffs in the exercise of their religious freedom. If acting in an agency or representative capacity for the corporate plaintiff, then they are not in a position to complain of this or any other ordinance.

Ordinance 6558 requires registration of persons engaging in solicitations for religious purposes. That precise question was before the Circuit Court of Appeals, First Circuit, in Hannan et al. v. City of Haverhill, 1 Cir., 120 F.2d 87. The court sustained the constitutional validity of the ordinance, and the Supreme Court declined to grant certiorari on October 13, 1941, 62 S.Ct. 81, 86 L.Ed. ——. See also City of Manchester v. Leiby, 1 Cir., 117 F.2d 661.

This ordinance is not subject to the criticism of the court in Lovell v. City of Griffin, 303 U.S. 444, 58 S.Ct. 666, 82 L.Ed. 949. In the latter case there was the element of censorship. Under this ordinance the proper authorities are required to issue the badge or license and do not exercise a discretion. See also Cantwell v. Connecticut, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213, 128 A.L.R. 1352.

Ordinance 6567 supplements ordinance number 6558 and the same principles would apply.

A general principle applicable to cases of this character was well announced by Mr. Justice Cardozo, now deceased, in his concurring opinion in the case of Hamilton v. Regents, 293 U.S. 245, loc.cit. 268,

744

55 S.Ct. 197; loc.cit. 206, 79 L.Ed. 343. In discussing the question of conscientious objectors to military service, Mr. Justice Cardozo said: "The right of private judgment has never yet been so exalted above the powers and the compulsion of the agencies of government. One who is a martyr to a principle—which may turn out in the end to be a delusion or an error—does not prove by his martyrdom that he has kept within the law."

Upon the authorities, and since the repeal of Ordinance Number 409, there is no present threat of an interference with the exercise by the plaintiffs of their religious freedom, and their bill should be dismissed. It is so ordered.