**Verna Cook ALEXANDER, Plaintiff,**

v.

**Alonzo B. ALEXANDER, Defendant.**

**Civ. A. No. 1649.**

United States District Court
W. D. South Carolina,
Spartanburg Division.

May 9, 1955.

Sam R. Watt, Kerr & Evins, Spartanburg, S. C., Redfearn & Ferrell, Miami, Fla., for plaintiff.

Holcombe & Bomar, Spartanburg, S. C., Price & Poag, Greenville, S. C., for defendant.

WYCHE, Chief Judge.

The above case is before me upon the motion of the defendant "to set aside the verdict and the judgment entered thereon," and "to have judgment for the Defendant entered in accordance with his motion for a directed verdict", and, "in the event the Court should fail to order judgment for the Defendant under Rule 50(b) [28 U.S.C.A.] the Defendant moves the Court for a new trial" on the grounds set out in the motion.

By agreement of the parties the motions were submitted upon written briefs, after a careful consideration of which, it is my opinion that the motion for judgment notwithstanding the verdict should be denied, and

It is so ordered,

and that the motion for a new trial upon the first six grounds and the eighth ground should be denied, and

It is so ordered.

As to the seventh ground, the defendant moves for a new trial upon the ground, "The verdict for $175,000 actual damages and $75,000 punitive damages is 'so grossly excessive as to be explained only on the basis of sentiment, sympathy and prejudice' ".

Courts have, and sometimes exercise, the power to set aside verdicts on the ground of excessiveness, yet it is a power to be cautiously used. Brown v. Evans, C.C., 17 F. 912, affirmed, Evans v. Brown, 109 U.S. 180, 3 S.Ct. 83, 27 L.Ed. 898; Jones v. Atlantic Refining Co., D.C., 53 F.Supp. 17. Courts in general are most reluctant to disturb a jury's verdict on the ground of excessiveness where the damages are unliquidated and there is no fixed measure of mathematical certainty. This is particularly significant with respect to damages in tort actions for personal injuries. Armit v. Loveland, 3 Cir., 115 F.2d 308, 314; Jones v. Atlantic Refining Co., D.C., 55 F.Supp. 17. And, this is equally true in actions for damages for malicious prosecution.

As to the verdict for $175,000 actual damages, it would be mere speculation for me to say that it could be "explained only on the basis of sentiment, sympathy and prejudice".

How much actual damages should be awarded to the plaintiff in this case for the mental anguish she suffered for fear

of the probability of being incarcerated in an insane asylum or mental institution for the remainder of her life, and the fact that she has a lifetime of shame, humiliation and disgrace facing her as the result of the incompetency proceedings instituted against her by the defendant, and the humiliation and shame that will probably accompany her through life and explaining why she was incarcerated in such mental institution, and other damages that she sustained by reason thereof, cannot be measured to any degree of mathematical certainty either by a judge or a jury.

Courts differ widely and juries are at great variance in the amount of a verdict to be rendered in a case of this kind. What may be deemed excessive in one environment and social order may be inadequate compensation in another. What would be considered an excessive verdict in the past may not be considered excessive today since the purchasing power of the dollar has been reduced so drastically.

█ The Supreme Court of Florida, under which law I am governed, said in the case of Florida Power & Light Company v. Robinson, 68 So.2d 406, in sustaining a verdict for personal injuries, "Though award of $225,360 for personal injuries was a large award, it did not necessarily follow that award was excessive, within contemplation of law, or *that jury was motivated by improper consideration in returning award.*" (Emphasis added.)

█ In my opinion there is no evidence, facts or circumstances in this case that would require me to set aside the verdict and grant a new trial for actual damages upon the ground that the verdict is "so grossly excessive as to be explained only on the basis of sentiment, sympathy and prejudice", or that the award of actual damages is "so grossly excessive and astronomical as to shock the conscience of the Court, in that it allows a great deal more than the Circuit Court of Appeals for the Fourth Circuit

has ever allowed to stand, even in a death case", or that it is clear that the verdict was rendered because of "speculative, sentimental and sympathetic reactions, and not according to the law and evidence in the case", or that "the verdict is so shockingly and grossly excessive as to bring the fairness of the verdict under grave suspicion", or that "it reveals a bitter prejudice against the Defendant and indicates that he was not given a fair and impartial trial".

█ I paid careful attention to all the testimony, as well as the arguments of counsel for plaintiff and defendant in this case, and while I am satisfied that the verdict of the jury in this cause was not based upon or motivated by any of the improper motives or considerations charged in defendant's motion for a new trial, it is my opinion that the jury was too liberal in its award for actual damages, and, in the exercise of my discretion, it is my opinion that the verdict for actual damages should be reduced to $87,500. The award for punitive damages was conservative, and, in my opinion, should not be reduced.

There is no merit, in my opinion, in defendant's motion for a new trial on the ninth ground, and the motion on this ground should be denied, and

It is so ordered.

It is, therefore, Ordered, That unless the plaintiff, or her attorneys, remit the sum of $87,500, on the judgment entered, or to be entered, in the above-entitled case, within ten days from the date of this Order, that the verdict of the jury be and the same set aside and a new trial granted. Should the plaintiff, or her attorneys, remit the sum of $87,-500, on the judgment entered or to be entered, as herein directed, the motion for a new trial will be denied, and in that event the Clerk of this Court is directed to correct the judgment heretofore entered or to be entered in this cause, so as to conform to the amount of the verdict as herein reduced.