80 So.2d 706 (1955)
Shelley P. SULLIVAN, as Administratrix of the Estate of Martha Dona Sessions, deceased, Appellant,
v.
Lewis B. SESSIONS, as Administrator of the Estate of John Cabble Sessions, Sr., deceased, Appellee.
Supreme Court of Florida. Division A.
June 1, 1955.
A.K. Black and J.B. Hodges, Lake City, for appellant.
John E. Norris, Mayo, for appellee.
ROBERTS, Justice.
This is a companion case to Shiver v. Sessions, Fla., 80 So.2d 905, arising out of the same tragedy, that is, the murder of Martha Dona Sessions by her husband, John Cabble Sessions, Sr., followed by the suicide of the husband. The instant suit was filed by the administratrix of the estate of Martha Dona Sessions against the administrator of the estate of John Cabble Sessions, Sr., under the Survival Statute, Section 45.11, Fla.Stats. 1953, F.S.A. The complaint was dismissed upon motion of the defendant, and this appeal followed.
The sole question argued here is whether an action may be maintained under the Survival Statute under the circumstances here present. For reasons hereinafter stated, we hold that it cannot be maintained.
In the companion case, Shiver v. Sessions, supra, we discussed the common-law rule respecting the husband's immunity from suit for his torts against his wife and held that the rule could not be applied to defeat an action for the wrongful death of the wife filed by her surviving minor children against the deceased husband's estate. Our reasons for so holding, as stated therein, have no application here. There, we were concerned with a suit based on a right of action entirely distinct from that which the wife could have maintained during her lifetime, except for her disability to suit her *707 husband; here, we are concerned with precisely the same right of action, brought "in the name of the personal representative of the deceased," Section 45.11, to recover "the damages which deceased could have recovered had he lived and maintained the action." Ake v. Birnbaum, 156 Fla. 735, 25 So.2d 213, 220. See also Ellis v. Brown, Fla. 1955, 77 So.2d 845. The wife during her lifetime would have no right of action against her husband on account of his tortious act, under the common-law rule referred to above; her personal representative simply "stands in her shoes" and can have no greater rights than she would have had during her lifetime. The action cannot, therefore, be maintained.
Affirmed.
DREW, C.J., and TERRELL and SEBRING, JJ., concur.