**Verna Cook ALEXANDER, Plaintiff,**

v.

**Alonzo B. ALEXANDER, Defendant.**

**Civ. A. No. 1649.**

United States District Court
W. D. South Carolina,
Spartanburg Division.
April 20, 1956.

Sam R. Watt, Kerr & Evins, Spartanburg, S. C., Redfearn & Ferrell, Miami, Fla., for plaintiff.

Holcombe & Bomar, Spartanburg, S. C., Price & Poag, Greenville, S. C., for defendant.

WYCHE, Chief Judge.

This matter is now before me upon the following motions of defendant:

"Defendant moves the Court to enter judgment on the pleadings in favor of the Defendant herein on the ground that Defendant is entitled to judgment as a matter of law on the undisputed fact appearing in the pleadings in that the Plaintiff and Defendant were husband and wife at the time of the commission in the State of Florida of the alleged tort upon which the Complaint is based, and under the law of the State of Florida, which

is the governing law in this case, a wife cannot maintain an action against her husband on account of his alleged tortious acts.

"Failing in the above motion, Defendant moves the Court for leave to amend his Answer, by setting up as a separate and distinct defense the following: Defendant alleges that at the time of the commission of the alleged acts set out in the Complaint the Plaintiff and Defendant were husband and wife, and under the law of the State of Florida, in which State the alleged acts were committed, a wife cannot maintain an action against her husband on account of such alleged tortious acts."

Notice of the motions was served on plaintiff's attorneys on March 21, 1956, and, by agreement, the matter was heard before me on March 30, 1956.

The motion for judgment on the pleadings was made under Rule 12(c), Federal Rules of Civil Procedure, 28 U.S. C.A., but at the time the motion was argued it was apparent that the record and proceedings in the former trial of the issues in the case were essential to the determination of the motion, and at my suggestion, and by agreement of counsel, the motion was heard as a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure.

This case was tried before me and a jury during the October, 1954, term of court at Spartanburg, South Carolina. The case took approximately four days to try and after all testimony was in the defendant moved for a directed verdict in his favor on the ground that the testimony and evidence introduced were insufficient to warrant a verdict by the jury against him. This motion was granted as to the causes of action alleged in the complaint for (a) false arrest; (b) false imprisonment; and (c) abuse of process, but was denied as to the cause of action for malicious prosecution. The jury returned a verdict for the plaintiff for $175,000, actual dam-ages, and $75,000, punitive damages, upon which judgment was entered.

Defendant thereafter moved for judgment notwithstanding the verdict, or, in the alternative, for a new trial. I granted the motion for a new trial unless plaintiff remitted of record the sum of $87,500, actual damages, which was done within the time prescribed in the order. D.C., 131 F.Supp. 605.

Plaintiff appealed from the judgment and the United States Court of Appeals for the Fourth Circuit held that the testimony and evidence of the plaintiff were sufficient to create a jury issue but reversed the judgment solely on the ground of the admissibility of evidence. Alexander v. Alexander, 229 F.2d 111.

Defendants' motion for a directed verdict in his favor upon the grounds of lack of sufficiency of proof included every matter that was considered or should have been considered as necessarily involved in the motion. Implicit in the motion is the ground that plaintiff could not maintain the action under the laws of Florida, the *lex loci delicti*. I held that the testimony and evidence were sufficient to create a jury issue and the United States Court of Appeals reached the same conclusion. This is now the law of the case and is *res judicata* as to this feature of the case. Cato v. Atlanta & C. A. L. Railway Co., 164 S.C., 123, 162 S.E. 239, 252; Long v. Carolina Baking Co., 193 S.C. 225, 8 S.E.2d 326.

The substantive rights of the parties are controlled by the laws of Florida, the *lex loci delicti*. It is contended by defendant that Florida adopted the common law of England, which is now in effect, and that under the common law, one spouse cannot sue another in tort upon the legal fiction of unity of persons in that no one can sue himself, and cites the cases of Webster v. Snyder, 103 Fla. 1131, 138 So. 755; Corren v. Corren, Fla., 47 So.2d 774; Ripley v. Ewell, Fla., 61 So.2d 420; Sullivan v. Sessions, Fla., 80 So.2d 706; and Shiver v. Sessions, Fla., 80 So.2d 905.

In 1829, the Legislative Council of the Territory of Florida adopted the common and statute laws of England which were of a general and not of a local nature. This adopting statute has been brought forward in the various compilations of the statutes of Florida and it now appears in the 1955 Florida Statutes, F.S.A. § 2.01, as follows: "The common and statute laws of England which are of a general and not a local nature, with the exception hereinafter mentioned, down to the fourth day of July, 1776, are declared to be of force in this state; provided, the said statutes and common law be not inconsistent with the constitution and laws of the United States and the acts of the legislature of this state."

The above quoted statute provides that the common law may be abrogated in two ways: (1) By conflict with the Constitution and laws of the United States; (2) By an Act of the Legislature of Florida. The Constitution of Florida provides a third way for the abrogation of the common law.

The Supreme Court of Florida held in the case of Waller v. First Savings and Trust Co., 103 Fla. 1025, 138 So. 780, 784, that the English common law may be abrogated by the Constitution and laws of Florida when such common law is "contrary to the intendments, effect, purpose, and object of section 4 of our Declaration of Rights".

The cases cited by defendant hold that the common law pertaining to a suit by a wife in tort against her husband has not been altered by the statutes of Florida. However, no case has been cited and I have found none where the Supreme Court of Florida has held that the common law has not been abrogated either by Section 1 of the Fourteenth Amendment of the Constitution of the United States, or by the Constitution of the State of Florida.

Section 1 of the Fourteenth Amendment of the Constitution of the United States is as follows: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

█ The Supreme Court has held that the term "person" is broad enough to include any human being who is a citizen of the United States. Wong Wing v. United States, 163 U.S. 228, 16 S.Ct. 977, 41 L.Ed. 140.

█ Not only the Constitution of the United States in the use of the word "person" includes all individuals, but the laws of the United States make the same provision by providing that, in construing the statutes of the United States, words importing the masculine gender include the feminine, and that the word "person" includes individuals. 1 U.S. C.A. § 1. The Constitution and laws of the United States recognize that a married woman is a person and an individual and that she is entitled to the same protection of the law as other individuals regardless of ancient provisions of the common law.

█ Section 4 of the Declaration of Rights of the Constitution of Florida, F.S.A., provides that every person shall have a remedy in the court of that State for any injury done him "in his lands, goods, person or reputation". In Waller v. First Savings & Trust Company, 103 Fla. 1025, 138 So. 780, 784, and Matthews v. McCain, 125 Fla. 840, 170 So. 323, the Supreme Court of Florida recognized that Section 4 of the Declaration of Rights of the Constitution of Florida can abrogate the common law when it conflicts with the Constitution, on the theory that the Constitution is the basic law of Florida and supersedes any provision of the common law which conflicts with it.

In 1925, the Supreme Court of Florida recognized that Section 1 of Article

XI of the Constitution of Florida, F.S.A., modified the common law rule to the effect that the husband and wife are one and that the husband cannot bring an action in tort against the wife nor the wife against her husband. Tresher v. McElroy, 90 Fla. 372, 106 So. 79. The Supreme Court of Florida has also held that Section 1 of Article XI of the Constitution has modified the common law rule to the effect that the husband has absolute dominion over the property of the wife. Florida Citrus Exchange v. Grisham, 65 Fla. 46, 61 So. 123.

■■ For the foregoing reasons, I am of the opinion that the common law of Florida has been abrogated by the Fourteenth Amendment to the United States Constitution, and by the Constitution of the State of Florida, and the motion of defendant for summary judgment should therefore be, and it is hereby denied, and

It is so ordered.

It now becomes necessary to pass on defendant's alternative motion to amend his answer in the particulars set forth in the motion. He seeks to amend his answer in order to allege by way of defense that the law of the State of Florida, in which the alleged tortious acts were committed, does not permit a wife to maintain an action against her husband on account of such alleged tortious acts.

■ In denying defendant's motion for summary judgment, I held that the law of the case has been fixed and that this defense is not now available to the defendant, it having been determined by me and affirmed by the United States Court of Appeals, that the pleadings, testimony and evidence at the trial were sufficient to constitute a jury issue, the matter is now *res judicata* and it would therefore be inconsistent at this late date to allow the amendment.

■ It is my opinion that the common law of Florida has been abrogated by the Constitution of the United States and by the Constitution of the State of Florida, and that one spouse can now sue another in the State of Florida for tortious acts committed by one spouse upon the other spouse, and the proposed amendment does not constitute a defense to the cause of action alleged in the complaint.

■ The amendment should not be allowed at this time because under the peculiar facts in this case the defendant has waived this defense, if it ever existed, and is now estopped from asserting it.

This action was commenced in the early part of 1954, by service of summons and complaint upon the defendant, the complaint alleging that the tortious act, upon which plaintiff relies, occurred in the State of Florida and that the plaintiff and the defendant were husband and wife. After service of summons and complaint defendant, by motion, sought to strike certain allegations from the complaint and move to require the plaintiff to elect on what cause of action she sought to go to trial. I overruled the motion to require an election but allowed the motion to strike certain of the exhibits attached to the complaint. Thereafter defendant prepared, filed and served his answer setting up certain specific defenses thereby raising the issues on which the case was tried. The defense that the law of Florida prohibited the wife from suing her husband for a tortious act committed on her was not plead. Several months elapsed after the filing and service of the complaint before the action came on for trial and no effort was made by the defendant to amend his answer. The case was set for trial on a day certain during the October, 1954, term of court. Prior to trial plaintiff incurred considerable costs and expenses in the taking of depositions at foreign points and at the trial further expenses were incurred in the bringing of witnesses from the State of Florida. The trial of the case consumed approximately four days and at no time during the trial did defendant specifically raise the point now urged by him. On the opening day of the trial, I inquired of

counsel as to whether or not the substantive law involved was controlled by the law of Florida; counsel for both plaintiff and defendant stated that in their opinion it was. I then inquired if there was any difference between the laws of Florida and the laws of South Carolina; counsel for both the plaintiff and defendant again stated that there was not.

After the jury returned a substantial verdict for the plaintiff and judgment was entered thereon, defendant moved for judgment notwithstanding the verdict and in the alternative for a new trial. In written argument on this motion able counsel for the defendant called particular attention to the case of Prosser v. Prosser, 114 S.C. 45, 102 S.E. 787, as illustrative, that a wife can maintain an action against her husband for a tort committed against her by him. The case throughout was tried on this theory, appealed to the United States Court of Appeals for the Fourth Circuit and reversed solely on the ground of the admissibility of evidence, the Court of Appeals determining that a jury issue had been made out by plaintiff. Alexander v. Alexander, 229 F.2d 111.

After attorneys for the parties on March 17, 1956, agreed that I should set the case for trial on a day certain during the April, 1956, term of court, defendant for the first time on March 21, 1956, sought to amend his answer in the particulars set out above.

■ Rule 8(c), Federal Rules of Civil Procedure, requires a defense of this character, that is one "in avoidance" to be affirmatively plead. Frederick W. Huber, Inc. v. Pillsbury Flour Mills Co., D.C., 30 F.Supp. 108. Rule 12(h), Federal Rules of Civil Procedure, provides that a failure to plead a defense of this character constitutes a waiver of his right so to do.

In the case of Fifth & Walnut v. Loew's Inc., D.C., 76 F.Supp. 64, the court held that where defendants had answered, taken depositions of plaintiffs, had plaintiffs incur pre-trial expenses and prepare for trial, a motion raising objection to the forum for the first time should be denied.

In the case of Van Sant v. American Express Co., 3 Cir., 169 F.2d 355, which, as in this action, was an action for malicious prosecution, the court held that after remand a plea of the statute of limitations, which had not been plead prior thereto, was waived and defendant's motion so to amend his answer was properly denied.

For the foregoing reasons and under all the facts and circumstances of this case, it is my opinion that defendant has waived the defense now sought to be interposed and that he is estopped from asserting it at this stage of the case, and that his motion to amend his answer should be denied, and

It is so ordered.