Sara SLACK, Appellant,

v.

ATLANTIC WHITE TOWER SYSTEM, INC., Appellee.

No. 8096.

United States Court of Appeals Fourth Circuit.

Argued Nov. 9, 1960.

Decided Dec. 27, 1960.

Lawrence R. Bailey and Joseph L. McLemore, New York City (Alexander A. Farrelly, Godfrey R. De Castro, New York City, and Charles P. Howard, Jr., Baltimore, Md., on brief), for appellant.

J. Cookman Boyd, Jr., Baltimore, Md. (Walter S. Levin, Baltimore, Md., on brief), for appellee.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

PER CURIAM.

This case involves the same issue as Williams v. Howard Johnson's Restaurant, 4 Cir., 1959, 268 F.2d 845. Here, the plaintiff, a Negro newspaper reporter, was travelling by automobile from Washington, D. C., to New York City. While passing through Baltimore, she stopped at the defendant's restaurant located along U. S. Route 40 in that city. She was there refused service because of her race. As a result, she brought this suit in the United States District Court for the District of Maryland, seeking a declaratory judgment and injunctive relief. The District Court dismissed her complaint upon the authority of the Williams case, supra, and this appeal follows. See Slack v. Atlantic White Tower System, Inc., D.C.D.Md.1960, 181 F. Supp. 124.

The only question that need be considered now is what effect, if any, does the Supreme Court's recent decision in Boynton v. Virginia, 1960, 81 S.Ct. 182, have upon the holding of the Williams case. In Boynton, the Court held that a restaurant, connected with an interstate bus terminal, may not under the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., discriminate against members of the public because of race. There, the Court's opinion deliberately stated:

"We are not holding that every time a bus stops at a wholly independent roadside restaurant the Interstate Commerce Act requires that restaurant service be supplied in harmony with the provisions of that Act." 81 S.Ct. at page 188.

Since the Supreme Court has thus expressly refrained from ruling upon this issue, Williams v. Howard Johnson's Restaurant, supra, dictates affirmance here.

Affirmed.