**UNITED STATES of America, Interstate Commerce Commission, Plaintiffs,**

v.

**CITY OF JACKSON, MISSISSIPPI, et al., Defendants.**

No. 3247.

United States District Court
S. D. Mississippi,
Jackson Division.

April 26, 1962.

Burke Marshall, Asst. Atty. Gen., St. John Barrett, Asst. Atty. Gen., Washington, D. C., Bernard P. Gould, Interstate Commerce Commission, Washington, D. C., for plaintiff.

Thomas H. Watkins, E. W. Stennett, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., Wence F. Cerne, Chicago, Ill., for defendant.

MIZE, Chief Judge.

This action was brought by the United States of America and the Interstate Commerce Commission against three carriers, Continental Southern Lines, Inc., the Greyhound Corporation, and Illinois Central Railroad Company. The City of Jackson, Mississippi, and its officials were also made defendants.

The amended complaint questions the right of the carriers to use any facility which is in any way segregated as alleged violation of orders of the Interstate Commerce Commission. The amended complaint and motion filed thereunder seek a preliminary injunction against the City of Jackson and its officials on the ground that the maintenance of certain signs on the public sidewalk in the vicinity of said terminals and the alleged enforcement of Sections 2351.5, 2351.7 and 7787.5 of the Mississippi Code of 1942 violate the Fourteenth Amendment to and the Commerce Clause of the Constitution of the United States of America and an order of the Interstate Commerce Commission. The facts presented by the record on the hearing on motion for preliminary injunction cover a period slightly in excess of five months, from November 1, 1961, through April 9, 1962.

## FINDINGS OF FACT

1. Each of the Jackson terminals of the carrier defendants are physically constructed so as to contain two waiting rooms with complete facilities incident thereto. Since November 1, 1961, there have been no signs of any kind or character on the premises of any such terminal designating any particular facility for use by any particular passenger. The carriers have fully complied with all orders of the Interstate Commerce Commission, and the carriers have not discriminated or attempted to discriminate in the use of any facility by any passenger.

2. Subject to certain exceptions hereinafter mentioned, there has been a tendency on the part of the white and colored passengers to use separate waiting rooms and facilities in the terminal of each carrier, but such action is entirely voluntary in nature and is not the result of any rule, regulation, practice or action on the part of any defendant in this case.

3. Subject to certain exceptions hereinafter mentioned, passengers of the colored race have freely used all facilities in all terminals which they desire to use.

4. The evidence discloses that the City of Jackson, acting through its Police Department, has placed on the public sidewalks, in the vicinity of carrier terminals, signs which state "Waiting Room for White Only—By Order Police Dept." and "Waiting Room for Colored Only—By Order Police Dept.". Such signs are placed solely on public property which is under the exclusive control and jurisdiction of the City of Jackson.

5. Said signs have not been enforced by the Police Department of the City of Jackson and have been placed on the public sidewalks for the sole purpose of assisting the members of both races who desire to use separate facilities in the terminals, if possible.

6. During said five month period four Negroes were arrested in bus or railway terminals in Jackson. None of same was arrested for violating any Mississippi statute attacked in this case or for acting contrary to the statements contained on the sidewalk signs. Their cases are now pending in the Courts of the State of Mississippi, and this Court should not attempt to determine the merits of those State Court actions. There was also evidence that two other members of the colored race were denied the right to use certain facilities in one of the terminals during the period in question. The unusual hours of the occurrences and the inability of these witnesses to identify the alleged police officers involved, together with the demeanor of these witnesses on the stand, have caused this Court to give little weight to their testimony. The incidents offered by the plaintiffs in an effort to show racial discrimination on the part of the City of Jackson and its officials fall far short of establishing a policy of discrimination on the part of said defendants. No connection was shown between the alleged incidents and the sidewalk signs complained of. No connection was shown between the use of various facilities by members of different races in the terminals and the sidewalk signs complained of.

7. The sidewalk signs contain language which is inappropriate for the

purpose for which they were placed. They should not contain the word "Only" or the phrase "By Order Police Dept.".

8. All facilities in all terminals of the carrier defendants are now being freely used by members of all races, and there is no justification for the issuance of a preliminary injunction in this case at this time.

## CONCLUSIONS OF LAW

1. As to the carrier defendants, this Court has jurisdiction of this action under Sections 1331 and 1345 of Title 28 U.S.C.A. and under Sections 16(12), 20 (9), 42, 43, and 322(b) of Title 49 U.S.C. A.

2. Neither the United States of America nor the Interstate Commerce Commission is entitled to any relief against the carrier defendants for the reason that they have not violated any statutory or constitutional provision and have fully complied with the orders of the Interstate Commerce Commission.

3. Under the facts of this case, the plaintiffs are not entitled to injunctive relief against the City of Jackson and its officials. 28 U.S.C.A. § 1331 gives this Court original jurisdiction of civil actions which arise under the Constitution, laws or treaties of the United States and is not applicable to the present suit against the City and its officials. 28 U.S.C.A. § 1343 is limited to civil actions "authorized by law to be commenced by any person * * *" and does not confer jurisdiction on the plaintiffs to maintain this action against said defendants. 28 U.S.C.A. § 1345 gives no new cause of action to the United States. Sections 16(12), 20(9), 42, 43, and 322 (b) of Title 49 U.S.C.A. are limited to the enforcement of orders of the Interstate Commerce Commission against a carrier and are not applicable to said defendants.

4. The order of the Interstate Commerce Commission of September 22, 1961, which became effective November 1, 1961, in Docket No. MC–C–33585, adding Section 180a to Title 49 of the Code of Federal Regulations, is directed to and purports to affect and control carriers only. Said order is not directed to any city or city official, and it does not include within terminal facilities the public sidewalk adjacent thereto.

5. The order of the Interstate Commerce Commission relating to the Illinois Central Railroad Company of January 10, 1956, was directed solely and only to said carrier and was not directed to any city or city official.

6. Neither 49 U.S.C.A. § 3(1) nor 49 U.S.C.A. § 316(d) forbids any city or city official from doing anything, and neither section requires any city or city official to perform any act. Said statutes are directed solely and only to carriers. Congress has passed no statute prohibiting any such acts on the part of any city or city official.

7. Sections 2351.5, 2351.7 and 7787.5 of the Mississippi Code of 1942, Recompiled, are criminal statutes directed solely and only to carriers. They do not authorize, require or direct any city or its officials to post any signs with respect to segregation of carrier facilities.

8. Neither the United States of America nor the Interstate Commerce Commission has any power or authority to enforce any rights under the Fourteenth Amendment to the Constitution of the United States. U. S. v. Nebo Oil Co., D.C., 90 F.Supp. 73, aff. 5 Cir., 190 F.2d 1003; Scott v. Frazier, D.C., 258 F. 669; Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497; Slaughterhouse cases, 16 Wall. 36, 21 L.Ed. 394; Hague v. Committee for Industrial Organization, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423; Davis v. Foreman, 7 Cir., 251 F.2d 421; Mickey v. Kansas City, D. C., 43 F.Supp. 739; Wong Wing v. U. S., 163 U.S. 228, 16 S.Ct. 977, 41 L.Ed. 140; Alexander v. Alexander, D.C., 140 F. Supp. 925; Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161; McGhee v. Sipes, 334 U.S. 1, 68 S.Ct. 836, 92 L. Ed. 1161; and United States v. Cooper Corp., 312 U.S. 600, 61 S.Ct. 742, 85 L. Ed. 1071.

9. The orders of the Interstate Commerce Commission apply only to carriers and do not control the action of city officials on city property. Eichholz v. Hargus, D.C., 23 F.Supp. 587; Tucker v. Casualty Reciprocal Exchange, D. C., 40 F.Supp. 383; 49 U.S.C.A. § 13(3) and (4); Arkansas Public Service Comm. v. U. S., D.C., 147 F.Supp. 454; Wilentz v. Sovereign Camp, 306 U.S. 573, 59 S.Ct. 709, 83 L.Ed. 994, 995; Chicago, Milwaukee, St. Paul & Pacific R. Co. v. State of Illinois, 355 U.S. 300, 78 S.Ct. 304, 2 L.Ed.2d 292; State of N. C. v. U. S., 325 U.S. 507, 65 S.Ct. 1260, 89 L.Ed. 1760; State of Florida v. U. S., 282 U.S. 194, 51 S.Ct. 119, 75 L.Ed. 291; Public Service Comm. of Utah v. U. S., 356 U.S. 421, 78 S.Ct. 796, 2 L.Ed.2d 886; King v. U. S., 344 U.S. 254, 73 S.Ct. 259, 97 L.Ed. 301; and State of Illinois v. U. S., 7 Cir., 146 F.Supp. 195.

10. The placing of signs on the public sidewalks by the City is not prohibited by any Act of Congress and does not violate the Commerce Clause of the Constitution of the United States. Breard v. Alexandria, 341 U.S. 622, 71 S.Ct. 920, 95 L.Ed. 1233; California v. Thompson, 313 U.S. 109, 61 S.Ct. 930, 85 L.Ed. 1219; Slack v. Atlantic White Tower System, 4 Cir., 284 F.2d 746; and Boynton v. Virginia, 364 U.S. 454, 81 S. Ct. 182, 5 L.Ed.2d 206.

11. Voluntary segregation does not violate the Constitution of the United States which does not prohibit a State from permitting, authorizing or encouraging voluntary segregation. Rice et al. v. Elmore, 4 Cir., 165 F.2d 387; Reynolds et al. v. Board of Public Instruction for Dade County, 5 Cir., 148 F.2d 754; Ross v. Middlebrooks, 9 Cir., 188 F.2d 308; Rhea v. Edwards, D.C., 136 F.Supp. 671; Briggs v. Elliott, D.C., 132 F.Supp. 776; Brown v. Board of Education, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083; Cohen v. Public Housing Administration, 5 Cir., 257 F.2d 73; Holland v. Board of Public Instruction, 5 Cir., 258 F.2d 730; Shuttlesworth v. Birmingham Board of Education, D.C., 162 F.Supp. 372; Rippy v. Borders, 5 Cir., 250 F.2d 690; Avery v. Wichita Falls, 5 Cir., 241 F.2d 230; Borders v. Rippy, 5 Cir., 247 F.2d 268; Browder v. Gayle, 5 Cir., 142 F.Supp. 707; Lassiter v. North Hampton County Board of Elections, 360 U.S. 45, 79 S.Ct. 985, 3 L. Ed.2d 1072; Williams v. Howard Johnson Restaurant, 4 Cir., 268 F.2d 845; Eaton v. Board of Managers of James Walker Mem. Hosp., 4 Cir., 261 F.2d 521; Civil Rights Cases, 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835; Dove v. Parham, D.C., 176 F.Supp. 242; Carson v. Warlick, 4 Cir., 238 F.2d 724; Dawley v. City of Norfolk, 4 Cir., 159 F.Supp. 642; Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed. 2d 5; Butler v. Thompson, D.C., 97 F. Supp. 17; and Williams v. State of Mississippi, 170 U.S. 213, 18 S.Ct. 583, 42 L.Ed. 1012.

12. The placing of appropriate signs by a city or its officials on public property for the purpose of authorizing and encouraging voluntary segregation without enforcement thereof is a valid exercise of the police power of the State.

13. Under the facts of this case, this Court is not justified in granting a preliminary injunction. I. C. C. v. Blue Diamond Prod. Co., D.C., 93 F.Supp. 688, 8 Cir., 192 F.2d 43; Cywan v. Blair, D.C., 16 F.2d 279; Segram-Distillers Corp. v. New Cut Rate Liquors, 7 Cir., 221 F.2d 815; Miami Beach Federal Savings & Loan Ass'n v. Callander, 5 Cir., 256 F.2d 410; Westinghouse Electric Corp. v. Free Sewing Machine Co., 7 Cir., 256 F.2d 806; Copra v. Suro, 1 Cir., 236 F.2d 107; Hannan v. City of Haverhill, 1 Cir., 120 F.2d 87; Huard-Steinheiser v. Henry, 6 Cir., 280 F.2d 79; Shuttlesworth v. Connor, 5 Cir., 291 F. 2d 217; Holmes v. Danner, D.C., 191 F.Supp. 385; Kauder v. United Board & Carton Corp., D.C., 199 F.Supp. 420; National Candle Company v. Viscount Mfg. Co., 3 Cir., 196 F.Supp. 204; and 43 C.J.S. Injunctions §§ 1, 16, 19, pp. 406, 427, 431.

14. Although no injunctive relief should now be granted, this Court should retain jurisdiction over this action and

each of the defendants for such further orders and relief as may be appropriate on final hearing, including the entry of a declaratory judgment with respect to the inappropriate language contained on the signs maintained by the City and its officials if same has not then been removed.

15. Plaintiffs' motion for a preliminary injunction should be denied.